IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., | § § § § | |
| *Plaintiff,* | § | C.A. NO. 1:09-CV-190-JJF |
| v. | § § | |
| CELLCO PARTNERSHIP (d/b/a Verizon Wireless), *et al.*, | § § § § | |
| *Defendants.* | § | |

### NON-PARTY AT&T MOBILITY, LLC'S MOTION FOR PROTECTIVE ORDER AND TO QUASH PLAINTIFF'S SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party AT&T Mobility, LLC ("ATTM") moves for a protective order and to quash the subpoena Plaintiff ITT Manufacturing Enterprises, Inc. ("ITT") served on ATTM on November 3, 2009. Because ATTM's operations are irrelevant to ITT's patent infringement claims, ITT's subpoena seeks information that is beyond the scope of permissible discovery and complying would impose an unreasonable (and completely unnecessary) burden on ATTM.

### BACKGROUND

On March 23, 2009, ITT sued manufacturers of cell phone handsets, the maker of the chipsets used in those phones, and a cellular network provider, claiming they are infringing several ITT patents relating to GPS. ATTM was not named as a defendant, nor is it mentioned anywhere in ITT's complaint.

On November 3, 2009, ATTM received a subpoena from ITT. The subpoena requests that ATTM produce a corporate representative to testify about "[t]he

transmission of GPS satellite data between AT&T's cellular phone network and GPS enabled phones operating on that network for the period of February 2002 to present." Schedule A (Ex. A). The subpoena also contains an essentially identical request for "[d]ocuments sufficient to demonstrate the GPS data transmitted by AT&T's cellular phone network and GPS enabled phones operating on the network for the period of February 2002 to present." *Id.* Schedule B. The subpoena duces tecum requires ATTM to provide documents by November 30, 2009. The deposition was noticed for March 19, 2010.

## LEGAL STANDARD

"A litigant may not engage in merely speculative inquiries in the guise of relevant discovery." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1328 (Fed. Cir. 1990).[1] Thus, even the broad discovery permitted by the Federal Rules has limits. *See id.* at 1322. First, "[d]iscovery may not be had regarding a matter which is not 'relevant to the subject matter involved in the pending action.'" *Id.* at 1323 (quoting FED. R. CIV. P. 26(b)(1)). Second, even relevant discovery "is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Id.* "Where proof of either relevance *or* need is not established, discovery is properly denied." *Am. Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 743 (Fed. Cir. 1987).

A non-party resisting an improper subpoena may file a motion to quash under the court's inherent power or Rule 45(b), file a motion for a protective order under Rule

---

[1] Because a determination of whether a discovery request seeks relevant information implicates substantive patent law, Federal Circuit law governs. *See id.* at 1326 n.8.

2

26(c), or simply object to a subpoena duces tecum under Rule 45(d)(1). *See Micro Motion*, 894 F.2d at 1322-23. Although these procedures may involve somewhat different burdens, "the substantive considerations for denying a party discovery are generally the same." *Id.* at 1323.

## ARGUMENT

### I. ITT's Discovery Requests Do Not Seek Relevant Information.

ITT's request for information about ATTM's network is not a relevant area of inquiry in a suit that does not involve ATTM and in which its network has not been accused. The Federal Circuit reached the same conclusion in *Micro Motion*, an infringement case involving facts nearly identical to those in the present action. In *Micro Motion*, the Federal Circuit held that the district court abused its discretion by refusing to quash a non-party subpoena issued to K-Flow, a competitor of both Micro Motion and the defendant. *See id.* at 1328. Among other things, Micro Motion sought "[d]ocuments evidencing the configuration and operation" of K-Flow's products, claiming that they were relevant to its theory of damages. *Id.* at 1321. The Federal Circuit rejected this argument, holding that:

> Rule 26(g) requires a party to make a "reasonable inquiry" before seeking discovery, and parallels the thrust of Rule 11 with respect to making allegations in a complaint. In this case, not only has Micro Motion put forth not a shred of evidence on the infringing nature of the K-Flow products based on its reasonable inquiry, but also it has studiously refrained from charging K-Flow with infringement. We conclude that K-Flow's infringement is not, on this record, shown to be subject matter involved in the California suit. . . . At best Micro Motion can have only a suspicion of infringement by K-Flow. . . . An unfounded suspicion regarding K-Flow's infringement does not support discovery into that subject matter.

*Id.* at 1327. Accordingly, the court concluded that "[w]hile the expression 'fishing expedition' has been generally denigrated as a reason for objecting to discovery, in some

3

situations, such as the one at hand, it remains apt. Micro Motion here is unmoored and trolling." *Id.* (citations omitted).

The same is true in this case. Both this case and *Micro Motion* involve a broad request for information describing the operation of a non-party's product as it relates to the patented invention. *Compare id.* at 1321, *with* ITT's Notice of 30(b)(6) Depo., Schedules A & B (Ex. A). In both cases, the patent holder has "studiously refrained from charging" the non-party with infringement.[2] *See Micro Motion*, 894 F.2d at 1327. Just as in *Micro Motion*, there is no evidence, based on ITT's reasonable inquiry, that ATTM is involved in any potentially infringing activity. *See id.* Like the patent holder in *Micro Motion*, ITT has, at best, an "unfounded suspicion" that ATTM's network somehow relates to the alleged infringement of the named defendants. *Id.* And as in *Micro Motion*, the patent holder here "is unmoored and trolling." *Id.*

Other district courts, including this Court, have also quashed similar subpoenas because they seek irrelevant information and impose an unnecessary burden on the non-party. *See, e.g., In re: Mot. to Compel Compliance with Subpoena Direct to Dep't of Veterans Affairs*, 257 F.R.D. 12, 17-19 (D.D.C. 2009); *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 531-32 (D. Del. 2002); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 914 F. Supp. 286, 287 (N.D. Ill. 1996). As in those cases and *Micro Motion*, ITT's subpoena is not addressed to relevant subject matter and should be quashed.

---

[2] ITT's deadline to add ATTM as a party in this suit passed on October 15, 2009. *See* Rule 16 Scheduling Order at 1 (Dkt. #80).

4

## II. ITT Has No Need for the Requested Information in Light of the Burden Its Subpoena Imposes on ATTM.

ITT has no need for information on ATTM's network. First, any information that *might* be relevant to the infringement of the named defendants' devices when used on ATTM's network is readily available from the manufacturers who are already parties to this suit. *See* FED. R. CIV. P. 26(b)(2)(C) (providing that a court must limit discovery when "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Am. Standard*, 828 F.2d at 743 ("[N]eed is diminished when the information is available elsewhere."); *see also In re: Mot. to Compel Dep't of Veterans Affairs*, 257 F.R.D. at 19; *Insituform Techs.*, 914 F. Supp. at 287. Thus, ITT has no need to obtain this information from ATTM.

In addition, the technical specifications and operation of ATTM's network is confidential information.[3] ATTM does not disclose this information to the general public and takes steps, such as requiring non-disclosure agreements from third-parties, to ensure that this information is kept confidential.

### CONCLUSION

Information relating to ATTM's network is not relevant to any of the issues in this case because ITT has not accused ATTM's network of infringing its patents, and ITT has no basis for doing so. In addition, ATTM should not be required to undertake the burden of responding to ITT's subpoena, especially when doing so would require ATTM to disclose confidential technical information and any potentially relevant information is more readily available from the parties already involved in this suit. Accordingly, ATTM

---

[3] Courts typically consider technical information about a non-party's products confidential. *See Am. Standard*, 828 F.2d at 740 (collecting cases).

respectfully requests that the Court issue a protective order and quash ITT's subpoena and grant ATTM such other and further relief to which it may be entitled.

Dated: November 16, 2009

                                  MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                  /s/ Kevin M. Coen
                                  David J. Teklits (#3221)
                                  Kevin M. Coen (#4775)
                                  1201 N. Market Street
                                  P.O. Box 1347
                                  Wilmington, DE  19899-1347

OF COUNSEL:                     (302) 658-9200
                                  *Attorneys for Non-Party AT&T Mobility, LLC*

Claudia Wilson Frost
Christopher Richart
PILLSBURY WINTHROP SHAW PITTMAN LLP
909 Fannin, Suite 2000
Houston, Texas 77010
(713) 276-7600

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., | § § § § | |
| *Plaintiff,* | § | C.A. NO. 1:09-CV-190-JJF |
| v. | § § | |
| CELLCO PARTNERSHIP (d/b/a Verizon Wireless), *et al.*, | § § § § | |
| *Defendants.* | § | |

## ORDER

Pending before the Court is non-party AT&T Mobility, LLC's ("ATTM") Motion for Protective Order and to Quash Plaintiff's Subpoena. After considering the parties' arguments and the applicable law, the Court is of the opinion that ATTM's motion should be GRANTED. ATTM shall not be required to respond to Plaintiff ITT Manufacturing Enterprises, Inc.'s subpoena, which was served on ATTM on November 3, 2009, and that subpoena is QUASHED.

SO ORDERED this \_\_\_\_\_ day of _____, 2009.

_____
United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 16, 2009, I electronically filed and caused to be served by CM/ECF Non-Party AT&T Mobility, LLC's Motion For Protective Order And To Quash Plaintiff's Subpoena upon the following counsel of record:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>Wilmington, DE 19801 | John G. Day<br>Tiffany Geyer Lydon<br>Caroline Hong<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801 |
| Jeffrey L. Moyer<br>Steven J. Fineman<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>Wilmington, DE 19801 | Jack B. Blumenfeld<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>18th Floor<br>Wilmington, DE 19801 |
| John W. Shaw<br>Young, Conaway, Stargatt & Taylor LLP<br>1000 West Street<br>Brandywine Building, 17th Floor<br>Wilmington, DE 19801 | Paul E. Crawford<br>Connolly, Bove, Lodge & Hutz<br>1007 North Orange Street<br>Wilmington, DE 19801 |
| Gregory B. Williams<br>Fox Rothschild LLP<br>919 North Market Street<br>Wilmington, DE 19801 | |

_/s/ Kevin M. Coen_
Kevin M. Coen (#4775)