IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., (a Delaware corporation ),<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., and LG MOBILECOMM U.S.A., INC., MOTOROLA, INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA SANYO TELECOM, INC., QUALCOMM INC., NOKIA CORPORATION, AND NOKIA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 09-190-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**LGE AND KYOCERA'S REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
ON COUNTS 30, 32, AND 33 OF ITT'S COMPLAINT**

CONNOLLY BOVE LODGE & HUTZ LLP

Paul E. Crawford (No. 0493)
The Nemours Building
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
pcrawford@cblh.com

*Attorneys for LGE and Kyocera*

OF COUNSEL:

Jeffrey K. Sherwood
Frank C. Cimino, Jr.
DeAnna D. Allen
Robert L. Kinder
Matthew B. Weinstein
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Telephone: (202) 420-2200

Dated:  January 19, 2010

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

AGRUMENT ............................................................................................................ 3

I.   ITT agrees there is no set of facts under which LGE and Kyocera directly infringe the '450 patent by selling, offering to sell, or importing GPS phones ..................................... 3

    A.   ITT's claim that LGE and Kyocera directly infringe by testing their GPS Phones must also fail because ITT fails to allege any direction or control of claim elements that LGE and Kyocera do not practice ..................................................................... 4

    B.   Regardless, LGE and Kyocera's testing of AGPS functionality on the Sprint Network does not infringe because operation of the Sprint Network is authorized .......... 5

II.   There is no set of facts pled by ITT under which LGE and Kyocera can indirectly infringe the '450 patent by selling, offering to sell, or importing Sprint Network Phones .... 5

    A.   There is no need to interpret the language of the Sprint Agreement—ITT admits that Sprint and its customers are authorized users ........................................... 5

    B.   ITT's discussion of manufacturing rights is irrelevant to whether ITT has plausibly pled a claim of indirect infringement against LGE or Kyocera in connection with Sprint Network Phones ........................................................................... 6

CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

Pages

**CASES**

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336 (1961)....................................4

*BMC Resources, Inc. v. Paymenttech, L.P.,* 498 F.3d 1373 (Fed. Cir 2008)................................4

*Centillion Data Systems, LLC v. Qwest Communications, Int'l*, No. 1:04-cv-0073-LJM-DML
    (S. D. Ind. October 29, 2009) (attached as Exhibit A)..............................................4

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir.1997) ......................................2

*In re Westinghouse Sec. Litig.*, 90 F.3d 696 (3d Cir. 1996)..........................................................2

*Met-Coil Sys. Corp. v. Korners Unlimited, Inc.*, 803 F.2d 684 (Fed. Cir. 1986) ......................3, 6

*Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3d Cir. 1997)..............................................2

*MuniAuction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008)....................................3, 4

*Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 321 F. Supp. 2d 612 (D. Del. 2004) ........................................2

*Plasko v. City of Pottsville*, 852 F.Supp. 1258 (E.D. Pa. 1994)....................................................2

*Quanta Comp. Inc., v. LG Elecs., Inc.*, 553 U.S. __, 128 S.Ct. 2109 (2008)................................6

*TransCore, LP v. Elec. Trans. Consultants Corp.*, 563 F.3d 1271 (Fed. Cir. 2009).....................6

# INTRODUCTION

LGE and Kyocera make two requests in their motion: that all claims of direct infringement against them be dismissed; and additionally, that all claims of indirect infringement against them be dismissed with respect to the Sprint network.  As confirmed in its Opposition (D.I. 184), ITT actually agrees with LGE and Kyocera on the two basic facts this court needs to decide this motion in LGE and Kyocera's favor:

- That both a GPS Phone and a Network are required to infringe any re-examined claim of the '450 Patent; (Opposition at pg. 5) and

- That Sprint (and its customers) are authorized to use and sell phones on the Sprint Network.  (Opposition at pgs. 7-8).

Considering these two undisputed facts, ITT's direct infringement allegation (D.I. 1, ¶ 30) fails because ITT has not alleged that either LGE or Kyocera practice the entire accused combination.  In particular, ITT fails to show any set of facts under which Kyocera or LGE sells, offers to sell, or imports the required network component of the accused system.  Further, although ITT's Opposition alleges Kyocera and LGE "use" the required network component in testing their phones,[1] ITT has not alleged facts required to support a claim of direct infringement for use of the accused system.  Specifically, ITT does not allege—and cannot—that Kyocera and LGE 1) are network operators or 2) direct or control the practice of another entity's network operations.   ITT's pleading of indirect infringement with respect to the Sprint network (D.I. 1, ¶¶ 32-33) also fails because ITT admits that neither Sprint nor its customers can directly infringe any re-examined claim of the '450 Patent.

---

[1] ITT also alleges that LG and Kyocera "operate their own phones… in the ordinary course of business"— an equally weak allegation to which the same arguments LGE and Kyocera make herein regarding testing apply.

Not only are the majority of the arguments in ITT's Opposition either legally and factually wrong or irrelevant, but those arguments are also directly contradicted by ITT's own admissions.  The fundamental question underlying the present motion is whether ITT's pleadings warrant any relief, not whether a legal formula has been properly recited.  *See Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 321 F. Supp. 2d 612, 615 (D. Del. 2004); *see also Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  In considering ITT's pleadings, the court need not accept as true conclusory allegations refuted by the language of the '450 patent or ITT's admissions regarding the Sprint Agreement.  *See U.S. Claims, Inc. v. Flomenhaft & Cannata, LLC*, 519 F.Supp.2d 515, 520 (E.D.Pa. 2006).[2]

ITT alleges that the defendants directly infringe because they are "using, selling and/or offering to sell . . . and/or importing" mobile telephones  "which, when operated in [an AGPS] network, infringe" the patent-in-suit.[3]   (D.I. 1, ¶ 30).  This allegation makes clear that both phone and network elements are required to infringe the '450 patent.  Importantly, ITT accuses LGE and Kyocera of providing only one of those elements—phones.  ITT has not pled, and cannot plead, that either LGE or Kyocera sell, offer for sale, or import the entire accused combination.  Therefore, as a matter of law, the acts of selling, offering for sale, or importing that ITT accuses LGE and Kyocera of cannot be a direct infringement.

ITT also alleges the act of "using" is a direct infringement.  (Opposition, at pgs 5, 10).  On this point, ITT alleges that LGE and Kyocera "use" the accused combination in testing

---

[2] LGE's and Kyocera's arguments here do not depend on the *content* of the covenant not to sue that ITT granted Sprint to settle the prior litigation between them.  Rather, ITT's admission in its pleadings that Sprint has immunity from suit *as a network operator* is sufficient to decide this motion.  Although not necessary to decide this motion, the Court can consider Sprint settlement agreement (ITT's Exhibit 2) without converting the motion into one for summary judgment because that agreement is integral to ITT's claims against LGE and Kyocera for Sprint Network Phones.  *See* Fed.R.Civ.P. 10(c); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 707 (3d Cir. 1996); *Plasko v. City of Pottsville*, 852 F.Supp. 1258, 1261 (E.D. Pa. 1994).

[3] ITT has not alleged any defendant infringes by "making" phones (*see* D.I. 1, ¶¶ 30, 32, 33); thus, ITT's argument that Sprint is not authorized to *manufacture* phones is not relevant to the Court's analysis here.  *See* II.B, *infra*.

phones to ensure they will operate on a network.  (Opposition at pg. 5).  As explained below,

ITT's testing allegation still fails to support a claim for direct infringement on the Sprint

Network.[4]

LGE and Kyocera also ask that ITT's indirect infringement allegations (D.I. 1, ¶¶ 32-33)

be dismissed with respect to the Sprint network.  As mentioned above, ITT admits that it has

authorized both Sprint and Sprint's customers under the '450 patent for use of the network.

(Opposition at pg. 7).  This means that Sprint and its customers cannot be direct infringers, and

LGE and Kyocera can neither induce (D.I. 1, ¶ 32) nor contribute (D.I. 1, ¶ 33) to a nonexistent

direct infringement.  *Met-Coil Sys. Corp. v. Korners Unlimited, Inc.*, 803 F.2d 684, 687 (Fed.

Cir. 1986).  No examination of the Sprint Agreement is needed to reach this conclusion.


## AGRUMENT

**I.      ITT agrees there is no set of facts under which LGE and Kyocera directly
         infringe the '450 patent by selling, offering to sell, or importing GPS phones**

There is no dispute that GPS Phones are just *one* of multiple elements needed to infringe

any claim of the '450 patent—and that LGE and Kyocera do not sell, offer to sell, or import *any*

non-handset elements.[5]   In its Opposition, ITT plainly admits that "i[t] is the combination of

AGPS phones and the GPS data being supplied by the cellular network that [is] covered by the

claims of the '450 patent."  (Opposition at pg. 5).  Because <u>direct</u> infringement requires that the

accused party practice (or direct and control the practice of) *each* and every element of an

asserted patent claim, ITT's direct infringement allegations against LGE and Kyocera of "selling

and/or offering to sell… and/or importing" must fail.  *MuniAuction, Inc. v. Thomson Corp.*, 532

F.3d 1318, 1329 (Fed. Cir. 2008).

---

[4] Even assuming, *arguendo*, that ITT's testing (and employee use) theory could facially support a
claim of direct infringement of phones on <u>non-Sprint</u> networks, the theory targets an
infinitesimal aspect of the activity ITT accuses in this case—a thin reed at which to grasp.

[5] Neither does ITT allege that LGE or Kyocera directs or controls the "selling and/or offering to
sell… and/or importing" of non-handset elements.

**A.    ITT's claim that LGE and Kyocera directly infringe by testing their GPS Phones must also fail because ITT fails to allege any direction or control of claim elements that LGE and Kyocera do not practice**

As discussed above, ITT does not accuse LGE and Kyocera of providing all the elements needed to infringe any claim of the '450 patent.   Rather, ITT alleges in its Opposition that LGE and Kyocera directly infringe because they "use" all of the claim elements when they "operate their own phones… in order to complete qualification of that phone for a network service." (Opposition at pg. 5).  Even under ITT's "use" scenario, LGE and Kyocera do not infringe because a network operator still practices the required network element of the accused system.

When another party is needed to practice a claim element, a direct infringer must direct or control that other party's practice of the claim element.  *See MuniAuction*, 532 F.3d at 1329; *Centillion Data Systems, LLC v. Qwest Communications, Int'l*, No. 1:04-cv-0073-LJM-DML at 24 (S. D. Ind. October 29, 2009) (attached as Exhibit A) (finding direct infringement requires the accused infringer direct or control the practice of any claim element that it does not practice by itself).[6]  Merely receiving the benefit of another party's practice of a claim element is not enough.  *See Centillion* at 32-34 (finding that benefitting from another entity's practice of a claim element is insufficient to establish infringement by "use" of an accused system under 35 U.S.C. § 271(a)).

Accordingly, even if, as ITT appears to argue, LGE and Kyocera benefit from a network provider's operation, this is not enough to establish direct infringement.  *See id.* (discussing that requesting an action be performed is not direction or control over how the action is performed). Here, ITT has not pled—nor can it—that LGE and Kyocera either operate an accused network or direct or control such operation as required for direct infringement.  This Court, therefore, should dismiss all allegations of direct infringement in ¶ 30 against LGE and Kyocera.

---

[6] *See also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 344 (1961) (patent rights are to entire claim, not individual elements of the claim); *BMC Resources, Inc. v. Paymenttech, L.P.*, 498 F.3d 1373 (Fed. Cir 2008) (infringement requires practice of each and every element of the claimed invention).

**B.      Regardless, LGE and Kyocera's testing of AGPS functionality on the Sprint Network does not infringe because operation of the Sprint Network is authorized**

In the case of Sprint, not only is there no allegation that either LGE or Kyocera practice the network element required by each claim—which (as explained at pgs. 3-4, *supra*) is itself fatal to ITT allegations—but ITT also admits it has authorized Sprint's practice of this claim element.  (Opposition at pg. 7).   This authorization further magnifies the impropriety of ITT's infringement allegations against Sprint Network phones.  Not only has ITT failed to sufficiently allege that LGE or Kyocera practice the claim element, but the only entity that does is licensed.

Considering this, there is no set of facts—and therefore no direct infringement—which can support ITT's allegations at Complaint ¶ 30 as they relate to Sprint Network Phones. This is another reason this court should dismiss all allegations of direct infringement in ¶ 30 with respect to Sprint Network Phones.

**II.      There is no set of facts pled by ITT under which LGE and Kyocera can indirectly infringe the '450 patent by selling, offering to sell, or importing Sprint Network Phones**

To be clear, LGE and Kyocera seek judgment on the pleadings that neither indirectly infringes the '450 patent by using, selling, offering for sale, or importing <u>Sprint Network Phones</u>.[7]

**A.      There is no need to interpret the language of the Sprint Agreement—ITT admits that Sprint and its customers are authorized users**

ITT readily concedes that the Sprint Agreement provides unconditional rights to Sprint (and its customers) to use Sprint's network.  (Opposition at 7).  It is this authorized use which releases Sprint, and its customers, from liability for infringing the claims of the '450

---

[7] Contrary to any implication in ITT's Opposition, LGE and Kyocera are not by this motion seeking judgment of no indirect infringement in connection for network operators other than Sprint.  (Opposition at pgs. 5-6).  Furthermore, despite the assertions at page 11 of the Opposition, LGE and Kyocera have never disputed that ITT could bring suit against them as indirect infringers without joining direct infringers.

patent. And "[a]bsent direct infringement of the patent claims, there can be neither contributory infringement, nor inducement of infringement." *Met-Coil*, 803 F.2d at 687.

ITT's admission that it granted Sprint and its customers a covenant for use of the Sprint Network, repeated in ITT's answer to LGE and Kyocera's counterclaims, eliminates any need to interpret the express language of the Settlement Agreement. (D.I. 108, p.6, D.I. 109, p.6, responses to ¶¶ 83-86). Indeed, despite ITT's assertions on pages 11-13 of the Opposition, LGE and Kyocera have never suggested—nor do they now—that the Sprint Agreement provides them with any rights.[8] Instead, this motion addresses ITT's inability, as a matter of law, to meet its burden of proof in light of the authority it admits granting to Sprint and its customers.

Simply put, neither Sprint nor its customers directly infringe the '450 patent by using Sprint's network—whether they use an LGE phone, a Kyocera phone, or a phone made by any other entity. If Sprint and its customers cannot be direct infringers for this use, then there is no basis for indirect infringement claims against LGE and Kyocera.

> **B.  ITT's discussion of manufacturing rights is irrelevant to whether ITT has plausibly pled a claim of indirect infringement against LGE or Kyocera in connection with Sprint Network Phones**

Contrary to the argument at pages 11-12 of ITT's Opposition, whether Sprint is authorized to *manufacture* phones is irrelevant to the present motion.[9] *Manufacture* of phones is not alleged to be a direct infringement of any claim in the re-examination patent. As indicated above, ITT admits that infringement requires not only phones, but also an operating network.[10]

---

[8] Indeed, LGE and Kyocera's citations to *TransCore, LP v. Elec. Trans. Consultants Corp.*, 563 F.3d 1271, 1274 (Fed. Cir. 2009) and *Quanta Comp. Inc., v. LG Elecs., Inc.*, 553 U.S. __, 128 S.Ct. 2109, 2119-21 (2008) support the proposition that Sprint and downstream customers' *use* of Sprint's AGPS network is authorized and there can be no direct infringement. ITT continually fails to grasp that LGE and Kyocera's upstream acts (providing GPS Phones) are fundamentally non-infringing; infringement, by its own stated theory of the case, can only occur downstream <u>in combination with</u> a network. And, if that network is authorized, there can be no such downstream infringement.

[9] LGE and Kyocera do not dispute that the Sprint Agreement appears on its face to carve out rights to sue Sprint or its suppliers for the *manufacture* of GPS phones. (Opposition at pg. 8).

[10] At the time the Sprint Agreement was executed, the original patent claims were still in force and manufacture of a phone theoretically could infringe one or more of those patent claims. But

Consistent with this, ITT's pleading never alleges that acts of "making" or manufacturing of phones is an infringement—which eliminates any need for this court to examine the Sprint Agreement's provisions on manufacture.    (D.I. 1, ¶¶ 30, 32, 33).    LGE and Kyocera therefore submit that this argument is irrelevant and only confuses the issues presented by this Motion.

**CONCLUSION**

This Court should grant Defendants' motion for partial judgment of (1) no indirect infringement for all Defendants' mobile telephone products sold to Sprint or operated in the Sprint network; and (2) no direct infringement for any of Defendants' mobile telephone products.

CONNOLLY BOVE LODGE & HUTZ LLP

OF COUNSEL:

Jeffrey K. Sherwood                    _/s/ Paul E. Crawford_____
Frank C. Cimino, Jr.                     Paul E. Crawford (No. 0493)
DeAnna D. Allen                          The Nemours Building
Robert L. Kinder                         1007 N. Orange St.
Matthew B. Weinstein                     P.O. Box 2207
DICKSTEIN SHAPIRO LLP                    Wilmington, DE 19899
1825 Eye Street NW                       (302) 658-9141
Washington, DC 20006-5403                pcrawford@cblh.com
Telephone: (202) 420-2200

                                         *Attorneys for LGE and Kyocera*
Dated:  January 19, 2010

---

none of the re-examined claims can be infringed by a GPS Phone alone, as ITT concedes, and as the Appendix A attached to LGE and Kyocera's Opening Brief shows.  (Opposition at pg. 5).

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on January 19, 2010, a copy of the foregoing LGE AND KYOCERA'S REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGSON COUNTS 30, 32, AND 33 OF ITT'S COMPLAINT was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

_/s/ Paul E. Crawford_____
Paul E. Crawford (No. 0493)
The Nemours Building
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
pcrawford@cblh.com

_Attorneys for LGE and Kyocera_