IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITT MANUFACTURING ENTERPRISES, INC.,<br>    *Plaintiff,*<br>v.<br>CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., LG MOBILECOMM U.S.A., INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., KYOCERA COMMUNICATIONS, INC. (f/k/a KYOCERA SANYO TELECOM, INC.), and QUALCOMM INC.,<br>    *Defendants.* | Civil Action No. 09-190-LPS<br><br>JURY TRIAL DEMANDED |

### ITT'S OPENING LETTER IN ADVANCE OF THE MARCH 16, 2011 TELECONFERENCE ADDRESSING DISCOVERY DISPUTES WITH LG AND KYOCERA

Gregory B. Williams (I.D. No. 4195)
FOX ROTHSCHILD LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19899
Tel: (302) 622-4211

*Of Counsel:*

James D. Berquist, Esq.
J. Scott Davidson, Esq.
Donald L. Jackson, Esq.
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd., Suite 700
Arlington, VA 22203
Tel: (703) 894-6400

Dear Judge Stark:

Plaintiff, ITT Manufacturing Enterprises, Inc. ("ITT"), submits this letter in advance of the teleconference scheduled for March 16, 2011 in support of its request that the "sample" log files relied upon by the LG and Kyocera defendants in response to this Court's October 19, 2010 oral Order be deemed representative of the type, content, and sequence of GPS-related messages exchanged between their wireless phones and a wireless network during their wireless testing of phones in the United States.

In the alternative, ITT requests that the LG and Kyocera defendants be required to produce all log files in their possession, custody or control generated during their wireless testing of their phones in the U.S. If any log files have been lost or destroyed since this case was filed, ITT asks that the LG and Kyocera defendants be required to describe the steps taken by them to preserve evidence relevant to this lawsuit, the circumstances under which each of the log files was lost or destroyed (including the dates the files were lost or destroyed and the persons involved in the loss or destruction), and an explanation of why those files were not maintained.

As the Court may recall, during the October 19, 2010 discovery teleconference, ITT asked that the LG and Kyocera defendants be required to produce all call log files in their custody, possession, or control generated based on their wireless testing of their phones in the United States. ITT requested those files so that it could determine whether the data sent to the phones during that testing was the same as the data being broadcast by the GPS satellites, and to establish that these defendants in fact operated phones in an infringing manner. The defendants have suggested that one of their non-infringement arguments is that the data sent to the phones is different from the data broadcast by the GPS satellites. ITT also asked for a witness who was properly prepared to discuss all of the wireless testing conducted by or on behalf of the LG and Kyocera entities, since the original witnesses produced by those companies could only testify about their personal testing.

The Court granted ITT's request for the additional discovery and indicated that the defendants could produce sample log files to mitigate the alleged burden of producing those files. (Exh. 1 (10/19/10 Hearing Transcript), pp. 23-24). But the context of the hearing made it clear that ITT sought log files relating to all relevant circumstances, modes of operation, and the wireless U.S. networks that may have been used during the defendants' wireless testing.

During and after the Court-ordered depositions of the LG and Kyocera defendants, ITT asked LG and Kyocera to stipulate that the log files relied upon in response to the Court's order were representative files. (Exh. 2 (1/27/11 letter); Exh. 3 (2/4/11 letter); Exh. 4 (2/24/11 letter); Exh. 5 (3/2/11 letter)). LG's and Kyocera's counsel ultimately responded by proposing their own set of stipulations. (Exh. 6 (3/4/11 letter); Exh. 7 (3/9/11 letter)).

There are several problems with LG's and Kyocera's proposed stipulations. The first is that the proposed stipulations only apply "under environmental and operation constraints (as determined by the chipset) similar to those applicable to [the relevant exhibits]." ITT does not know what "environmental and operational constraints" that LG and Kyocera are referring to in their proposed stipulations. Moreover, there is no indication in the log files or from the

witnesses whether such "constraints" would be "similar to those applicable" to the relevant exhibits. The defendants' proposed stipulations create more evidentiary issues than they solve.

More importantly, however, by limiting the stipulations to only specific (yet unspecified) circumstances (*i.e.*, the "environmental and operational constraints ... similar to those applicable to" the relevant exhibits), the defendants necessarily imply that there are many *other* circumstances in which those log files have no relevance. But the defendants did not produce any other log files that may apply to the circumstances that are different than those under which Exhibits 212-222 (LG's log files) and Exhibits 204-208 (Kyocera's log files) were generated. If the files they produced do not encompass all relevant circumstances, then the defendants failed to comply with ITT's understanding of the Court's order that they produce representative samples of their log files. If there are no other relevant "environmental and operational constraints," then the defendants should have no problem stipulating that the log files are representative.

The proposed stipulations are also limited to what occurs within a single GPS session. There is nothing in ITT's claims that limit the assistance data that can be provided to the mobile phones to the data that is delivered in a *single* GPS session. Thus, it is improper to limit the stipulation to what may occur in a single session.

LG's proposed stipulations are also problematic because they do not include Exhibits 214 or 215 at all. Those were two of the log files produced by LG in response to the Court's order, and ITT deposed LG's witness on these log files. At least one of these log files includes the "Provide GPS Sensitivity Message" which sends data from the GPS broadcast message, bit-for-bit, to the mobile phones. Thus, under the defendants' "900-bit" construction of the claims, this message is particularly significant.

The Court permitted LG and Kyocera to produce sample log files in view of the alleged burden associated with the production of the totality of the files. If those sample files were representative of the wireless testing conducted by the defendants, they should have no problem stipulating that the samples are representative of all other files. If they are not representative, LG and Kyocera should be required to produce the remaining log files in their possession, custody, or control so that log files reflecting all relevant circumstances can be presented to the jury.

If the Court requires LG and Kyocera to produce all remaining call log files and some of those files have been lost or destroyed, ITT requests that the defendants be required to describe the circumstances under which each of the log files was lost or destroyed (including the dates the files were lost or destroyed and the persons involved in the loss or destruction), and an explanation of why those files were not maintained.

                                        Respectfully submitted,

                                        FOX ROTHSCHILD LLP

                                        /s/ Gregory B. Williams
                                        Gregory B. Williams (I.D. No. 4195)