IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA COMMUNICATIONS, INC., and QUALCOMM INC., | ) ) ) ) ) ) ) ) ) ) | C.A. No. 09-190-LPS  **JURY TRIAL DEMANDED**  **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE LEONARD P. STARK**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Qualcomm Incorporated*

OF COUNSEL:

Keith R. Hummel
Roger G. Brooks
Teena-Ann V. Sankoorikal
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Ave.
New York, NY  10019-7475
Tel:  (212) 474-1000

Dated:  March 10, 2011
Public Version Dated: March 17, 2011
1005295 / 34172



Potter
Anderson
&Corroon LLP

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

March 10, 2011 Public Version Dated: March 17, 2011

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE 19801

**PUBLIC VERSION**

> Re:  *ITT Manufacturing Enterprises, Inc., v. Cellco Partnership, et al.*
> **C.A. No. 09-190-LPS**

Dear Judge Stark:

In advance of the telephonic conference set for March 16, 2011, Defendants respectfully seek to compel discovery from ITT on the basis that, for its own advantage during the *Markman* argument, ITT waived attorney-client and work product privilege with respect to its rationale for amending claims in the reexamination of the '450 Patent, among other topics.

A.    Factual Background.

On October 21, 2009, Defendants issued a subpoena for the deposition of Patrick J. Finnan, the attorney retained by ITT to prosecute the reexamination of the '450 Patent. (Ex. 1.) The deposition topics outlined in the subpoena included, among others, "the rationale and reason for the Request" for reexamination, "ITT's decision to amend claims 1-11" and "the reasons for adding [claims 12-57] to the '450 Patent". (*Id.* at 3.) These topics are highly relevant to validity, as a reexamination brought for "improper purpose"—*e.g.*, to amend the patent to avoid an unfavorable claim construction—is impermissible under 35 U.S.C. § 305 and renders the amended claims invalid. *See Sw. Bell Tel. Co. v. Arthur A. Collins, Inc.*, 279 Fed. App'x. 989, 992 (Fed. Cir. 2008).

During Mr. Finnan's deposition on March 2, 2010, each time Defendants attempted to question Mr. Finnan about the substance of his discussions with ITT and its litigation counsel (the Davidson Berquist firm, led by Jay Berquist) with regard to the above topics, Mr. Berquist asserted attorney-client privilege and instructed Mr. Finnan not to respond. (*See, e.g.*, Ex. 2, Finnan Dep. Tr. at 55:21-56:6, 56:10-58:8, 119:23-120:6, 120:18-121:16, 126:19-22, 127:4-8, 134:19-135:19, 138:10-14, 215:17-217:3.) Indeed, Mr. Berquist stated that he would assert privilege in response to *any* questions regarding discussions with Mr. Finnan relating to "the substance of the prosecution of [the] patent or the reexam". (*Id.* at 145:2-8).[1]  Mr. Finnan did

---

[1]  ITT also asserted privilege in response to, *inter alia*, Defendants' Common Interrogatory 2, which related to ITT's purpose for amending and adding new claims to the '450 Patent. (*See* Ex. 3, Mar. 22, 2010 Supp. Response to Defendants' Interrogatories 2 & 3, at 2-3.)

The Honorable Leonard P. Stark
March 10, 2011; Public Version Dated: March 17, 2011
Page 2

testify that he, ITT in-house counsel, and Davidson Berquist had convened at least twice in person prior to filing the Request for Reexamination. (*See id.* at 115:10-15.)



ITT similarly produced a privilege log identifying

On January 28, 2011, the Court conducted a *Markman* hearing in this matter. During the hearing, to the surprise of counsel for Defendants, Mr. Berquist explicitly disclosed and appealed to the purported substance of his previously privileged conversations with Mr. Finnan in an effort to paint a benign picture of ITT's motives and strategy in the reexamination process:

> "I will tell you that in conversations that I had with Mr. Finnan . . . I talked to him first about the patent and the technology to bring him up to speed, but the second time we talked to see what it was he was going to do and how he was going to proceed. *And what he advised was that he was going to go cull through the specification and wherever he found something that was described in the specification, he was going to add a dependent claim that recited that feature.*"

(D.I. 427 (Ex. 6), *Markman* Hearing Tr. at 55:19-56:3 (emphasis added).)[3] Mr. Berquist's discussion of his "first" and "second" conversations with Mr. Finnan appear to refer to the two face-to-face meetings between Mr. Blasey, Mr. Finnan and Mr. Berquist prior to Mr. Finnan's filing of the Request for Reexamination in June 2006.

B.    Legal Background.

"[I]f a client chooses to disclose some privileged communications between the attorney and himself, then he waives the remainder of the communication[s] which relate to the same subject matter". *Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 979 (D. Del. 1982); *see also Westinghouse Elec. Corp. v. Repub. of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991). Similarly, if a party bases a legal contention on facts contained only in privileged communications or work product, that party may waive any claims of attorney-client or work product privilege relating to the subject matter of its contention. *See, e.g., Friction Div. Prods. v. E.I. Du Pont de Nemours & Co.*, 117 F.R.D. 535, 538 (D. Del. 1987) (holding that because plaintiff patentee made representations regarding date of invention based on result of attorney's investigation, it had waived both attorney-client and work product privileges with respect to

---

[2]  Defendants deposed Mr. Blasey as a Rule 30(b)(6) witness on behalf of ITT on March 23, 2010.

---

[3]  Defendants note that ITT also disclosed and relied upon Mr. Finnan's mental impressions and rationale for determining which materials to disclose to the Patent & Trademark Office examiner during the reexamination of the '450 Patent. (*See* D.I. 427 (Ex. 6) at 21:7-23:4.)

The Honorable Leonard P. Stark
March 10, 2011; Public Version Dated: March 17, 2011
Page 3

investigation); *see also Novartis Pharm. Corp. v. EON Labs. Mfg., Inc.*, 206 F.R.D. 396, 399 (D. Del. 2002).

Subject matter waiver is based on the principle that "[a] party cannot disclose only those facts beneficial to its case and refuse to disclose, on the grounds of privilege, related facts adverse to its position". *Friction*, 117 F.R.D. at 538-39 (quoting *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 156 (D. Del. 1977)). This principle is motivated by concerns that "it would be manifestly unfair to allow [a party] to make factual assertions . . . and then deny [the opposing party] an opportunity to uncover the foundation for those assertions in order to contradict them". *Gen. Elec. Co. v. Hoechst Celanese Corp.*, 15 U.S.P.Q.2d 1673, 1687 (D. Del. 1990). Put another way, "privilege cannot be used as both a shield and a sword". *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 179 (D. Del. 2003). Once privileged information has been voluntarily disclosed, the waiving party cannot choose to "unwaive[]" privilege. *Id.* Waiver is "the deliberate relinquishment of a right which might otherwise be claimed", and "a right that is waived is not available to be picked up again as if it were a handy tool". *Id.*

C.    Argument.

At the January 28 *Markman* hearing, Mr. Berquist intentionally disclosed and relied upon the purported substance of privileged conversations between ITT, Davidson Berquist and Mr. Finnan. (D.I. 427 (Ex. 6) at 55:19-56:3.) Accordingly, the Court should conclude that ITT has waived privilege with respect to the subject matter of those conversations—specifically, the rationale for the reexamination, as well as ITT's decisions to amend existing claims and add new claims to the Patent. *See, e.g., Smith*, 538 F. Supp. at 979.

Moreover, Mr. Berquist voluntarily placed Mr. Finnan's thoughts and mental impressions at issue by relying on them to argue that ITT's purpose and methodology for amending the '450 Patent through reexamination was simply to add dependent claims in order to distinguish prior art, rather than for any improper purpose of avoiding the prior claim construction. (D.I. 427 (Ex. 6) at 55:5-56:23.) For instance, Mr. Berquist purported to describe at some length for the Court Mr. Finnan's legal analysis of the specification's descriptions of a Satellite Data Message Block. (*See id.* at 56:4-12.) By intentionally defending its conduct through reliance on Mr. Finnan's communications and mental impressions, ITT waived not only privilege with respect to communications with Mr. Finnan, but also any work product prepared by Mr. Finnan relating to the subject matter. *See, e.g., Novartis Pharm.*, 206 F.R.D. at 399. Because ITT has used a shield of privilege to withhold documents and bar testimony relating to that exact issue, Defendants have been denied "an opportunity to uncover the foundation for those assertions in order to contradict them". *Friction*, 117 F.R.D. at 538. ITT may not use privilege as "both a shield and a sword" in this manner, and a subject matter waiver is appropriate. *CP Kelco*, 213 F.R.D. at 179.

Accordingly, Defendants respectfully request that the Court find (i) that ITT has waived attorney-client and work product privilege with respect to its decision to reexamine the '450 Patent and its rationale for amending or adding each claim; (ii) that ITT must therefore produce all documents relating to such subject matter previously withheld on the basis of attorney-client or work product privilege; and (iii) that Defendants are entitled to depose Mr. Finnan, Mr. Blasey and Mr. Berquist with respect to the documents specified, as well as the substance of any communications between them with respect to the foregoing subject matter.

The Honorable Leonard P. Stark
March 10, 2011; Public Version Dated: March 17, 2011
Page 4

Respectfully,

/s/ David E. Moore

David E. Moore

DEM/nmt/1005295 / 34172

Enclosures
cc:      Clerk of the Court (via hand delivery)
         Counsel of Record (via electronic mail)