# EXHIBIT 1

# Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF MARYLAND

ITT Manufacturing Enterprises, Inc.

v.

Cellco Partnership (d/b/a Verizon Wireless), et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]:   09-190-JJF

United States District Court, District of Delaware

To:   Patrick J. Finnan
Edell, Shapiro & Finnan LLC
1901 Research Blvd. Ste. 400
Rockville, MD 20850-6120

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case regarding the topics set forth in the attached Schedule A.  The testimony will be recorded by the following method(s):
☒ stenographic; ☐ sound; ☒ sound and visual

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Merrill Corporation, One Church Street, Suite 601, Rockville, MD 20850 | March 3, 2010   9:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

Please see the attached Schedule B.

| PLACE | DATE AND TIME |
|---|---|
| Merrill Corporation, One Church Street, Suite 601, Rockville, MD 20850 | November 11, 2009   9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for   Qualcomm Incorporated | October 21, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Duane L. Loft, Cravath, Swaine & Moore LLP, 825 8th Avenue, New York, NY 10019
(212) 474-1000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| **SERVED** | | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____   _____
　　　　　　　　　　　DATE　　　　　　　　　　　SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises —or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party, or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost, On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost, If that showing is made. the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection,

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies .it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(C)(3)(A)(II).

## SCHEDULE A

### Definitions

1.      "Defendant(s)" refers to Cellco Partnership (d/b/a Verizon Wireless), LG Electronics, Inc., LG Electronics USA, Inc., LG Mobilecomm U.S.A., Inc., Motorola, Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corp., Kyocera Sanyo Telecom, Inc., QUALCOMM Inc., Nokia Corporation and/or Nokia, Inc.

2.      "You" and "Your" refers to Patrick J. Finnan, Edell, Shapiro & Finnan LLC and any associate, assistant, consultant or support personnel who did or is doing work relating to the '450 Patent.

3.      "ITT" refers to ITT Manufacturing Enterprises, Inc. and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants, attorneys (including but not limited to any patent agent or associate hired in connection with the prosecution or Reexamination of the '450 Patent) representatives and any other person acting on its behalf.

4.      "Communication(s)" includes any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum or other document which was sent by one or more individuals to another or others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or

-1-

meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

5. The terms "relate" or "relating" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing or otherwise addressing the subject matter.

6. The use of the singular shall be deemed to include the plural.

7. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

8. The term "any" shall include the word all, and vice versa.

9. The terms "including" and "includes" mean "including without limitation" and "includes without limitation", respectively.

10. The "'450 Patent" means United States Patent No. 5,365,450, entitled "Hybrid GPS/Data Line Unit for Rapid, Precise, and Robust Position Determination", re-examination certificate 5,365,450 C1, the applications from which the patent issued and all related United States and foreign patents and patent applications

11. "PTO" means the United States Patent and Trademark Office.

12. "Reexamination" means the ex parte reexamination proceedings before the PTO relating to the '450 Patent.

13. "Samsung Litigation" refers to the action captioned ITT Manufacturing Enterprises, Inc. v. Samsung Electronics America Inc., No. 03-1086 (D. Del.).

<u>Deposition Topics</u>

1. The prosecution and Reexamination of the '450 Patent, including without limitation:

  a. The identity of all individuals involved in the Reexamination;

  b. ITT's decision to file a Request for Ex Parte Reexamination of the '450 Patent, including the rationale and reason for the Request;

  c. Amendments made to claims 1-11 of the '450 Patent during the Reexamination, including ITT's decision to amend claims 1-11 and any changes to claims 1-11;

  d. The addition of claims 12-57 to the '450 Patent during the Reexamination, including the reasons for adding such claims to the '450 Patent;

  e. Any submission made by ITT to the PTO relating to the Reexamination;

  f. The selection of documents provided to the PTO, including documents relating to the scope, interpretation or construction of claims or terms of the '450 Patent that were or were not provided to the PTO; and

  g. All communications between ITT and the PTO relating to the Reexamination or the initial prosecution of the '450 Patent, including all interviews with PTO Examiner Charles Craver.

2. Communications with any third party relating to the '450 Patent, the initial prosecution of the '450 Patent or the Reexamination, including without limitation communications with the named inventors of the '450 Patent, Stanford Telecommunications, Inc. or any authors of prior art for the '450 Patent.

3. Your knowledge of and involvement with the Samsung Litigation.

4.    The involvement of any Defendant in the Samsung Litigation and ITT's decision not to sue Defendants until March 2009.

## SCHEDULE B

### Definitions

1.        "Defendant(s)" refers to Cellco Partnership (d/b/a Verizon Wireless), LG

Electronics, Inc., LG Electronics USA, Inc., LG Mobilecomm U.S.A., Inc., Motorola,

Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corp., Kyocera

Sanyo Telecom, Inc., QUALCOMM Inc., Nokia Corporation and/or Nokia, Inc.

2.        "You" and "Your" refers to Patrick J. Finnan, Edell, Shapiro & Finnan

LLC and any associate, assistant, consultant or support personnel who did or is doing

work relating to the '450 Patent.

3.        "ITT" refers to ITT Manufacturing Enterprises, Inc. and all predecessors,

successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and

all past or present officers, directors, affiliates, agents, employees, consultants, attorneys

(including but not limited to any patent agent or associate hired in connection with the

prosecution or Reexamination of the '450 Patent) representatives and any other person

acting on its behalf.

4.        "Document(s)" shall have the broadest meaning ascribed to it by Federal

Rule of Civil Procedure 34(a) and means any writing of any kind, including electronically

stored information, originals and all non-identical copies (whether different from the

original by reason of any notation made on such copies or otherwise).  This shall include,

without limitation, the following items, whether printed or reproduced by any process, or

written or produced by hand or stored in computer memory, magnetic or hard disk or

other data storage medium, and whether or not claimed to be privileged, confidential or

otherwise excludable from discovery, namely, notes, letters, correspondence,

-1-

communications, emails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HDL, Verilog, or other code, illustrations, product descriptions, product analyses, requests for proposals, documents related to proposed or actual product improvements or changes, users manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, and all other material fixed in a tangible medium of whatever kind known to you or in your possession, custody or control.

5.      "Thing(s)" means any tangible object other than a document including without limitation objects of every kind and nature, as well as prototypes, models, drafts or specimens thereof.

6.      "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "person".

7.      "Communication(s)" includes any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any

-2-

circumstances.  The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum or other document which was sent by one or more individuals to another or others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

8.      The terms "relate" or "relating" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing or otherwise addressing the subject matter.

9.      The use of the singular shall be deemed to include the plural.

10.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11.     The term "any" shall include the word all, and vice versa.

12.     The terms "including" and "includes" mean "including without limitation" and "includes without limitation", respectively.

13.     The geographic scope of these requests is worldwide.

14.     The "'450 Patent" means United States Patent No. 5,365,450, entitled "Hybrid GPS/Data Line Unit for Rapid, Precise, and Robust Position Determination", re-examination certificate 5,365,450 C1, the applications from which the patent issued and all related United States and foreign patents and patent applications

15.     "PTO" means the United States Patent and Trademark Office.

-3-

16.     "Reexamination" means the ex parte reexamination proceedings before the

PTO relating to the '450 Patent.

17.     "Samsung Litigation" refers to the action captioned <u>ITT Manufacturing</u>

<u>Enterprises, Inc. v. Samsung Electronics America Inc.</u>, No. 03-1086 (D. Del.).


## Requests for Production

### Request for Production No. 1

All documents relating to the '450 Patent.

### Request for Production No. 2

All documents relating to the prosecution or the Reexamination of
the '450 Patent, including without limitation all documents relating to any amendments to
claims 1-11, all documents relating to the addition of claims to the '450 Patent and all
documents reviewed, relied upon or relating to the preparation of any submission to the
PTO in connection with the '450 Patent.

### Request for Production No. 3

Documents sufficient to identify all persons involved on ITT's behalf in
the Reexamination.

### Request for Production No. 4

All communications between you or ITT, individually or collectively, and
the PTO relating to the '450 Patent, including any submissions to the PTO by ITT or on
ITT's behalf regarding the Reexamination.

### Request for Production No. 5

All documents relating to any communications between you or ITT,
individually or collectively, and the PTO relating to the '450 Patent, including without
limitation all summaries of telephone conferences or interviews with any PTO examiner
or representative in connection with the '450 Patent, the prosecution of the '450 Patent or
the Reexamination.

### Request for Production No. 6

All communications between you or ITT, individually or collectively, and
any third party relating to the Reexamination or prosecution of the '450 Patent, including

communications with any named inventor of the '450 Patent, Stanford Telecommunications, Inc. or any author of prior art for the '450 Patent.

### Request for Production No. 7

All orders, pleadings, transcripts or other documents in Your possession, custody or control relating to the Samsung Litigation, including all documents relating to the September 7, 2005 Order Construing the Terms of the '450 Patent.

### Request for Production No. 8

All documents relating to the construction of any claim or term in the '450 Patent.

### Request for Production No. 9

All documents relating to potential prior art for the '450 Patent, regardless of whether the prior art was reviewed, considered or submitted to the PTO.

### Request for Production No. 10

All documents located or considered by You for disclosure or submission to the PTO in connection with the '450 Patent, including results from any prior art or patentability search.

### Request for Production No. 11

All documents in Your possession, custody or control that refer to any Defendant.