# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITT MANUFACTURING ENTERPRISES, LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 1:09-cv-190-LPS |
| CELLCO PARTNERSHIP, ET AL., | : |
| Defendants. | : |

## **ORDER**

At Wilmington, this 29th day of December 2011:

For the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that the disputed claim language of U.S. Patent No. 5,365,450 (the "'450 patent"), shall be construed as follows:

1.. "Satellite Data Message block," as it appears in claims 1-5, 12-13, 15-17, 19-24, 38-42, 44, 49-50, and 55-57 of the '450 patent, is construed to mean "a group of data from the first three subframes of a broadcast signal (900 bits) containing precise ephemeris and time model information for the broadcasting satellite."

2 "position information," as it appears in claims 1, 3-4, 17, and 55 of the '450 patent, is construed to mean "information available from the satellite downlink signal regarding or used to calculate position."

3. "satellite position data," as it appears in claims 1-4, 14-15, 17, and 41-42 of the '450 patent, is construed to mean "at least the ephemeris and/or time model data contained within

a GPS satellite downlink signal."

4. "means at said mobile radio station for processing a Satellite Data Message block from said earth-based source of satellite position data to enable said mobile radio station to rapidly locate and access position information from said earth orbiting GPS satellite," as it appears in claims 1, 3-4, and 17 of the '450 patent, is construed as a means-plus-function element, with the function being "processing a Satellite Data Message block from said earth-based source of satellite position data to enable said mobile radio station to rapidly locate and access position information from said earth orbiting GPS satellite" and the associated structure being "the microprocessor of a controller element."

5. "dial-up service channels," as it appears in claims 2-4 of the '450 patent, is construed to mean "channels that require that a telephone number be dialed."

6. "a controller means connecting said satellite data message block to said mobile GPS receiver," as it appears in claims 5 and 24 of the '450 patent, is construed as a means-plus-function element, with the function being "connecting said satellite data message block to said mobile GPS receiver" and the associated structure being "a controller element which includes a microprocessor, modem, autodialer, and transmit voice/data switch."

7. "single frequency search cell" and "one frequency cell," as they appear in claims 3, 9, and 11 of the '450 patent, are construed to mean "a narrow frequency range or spectrum, each frequency cell having a characteristic center frequency and a width or band of frequencies predefined by the use of one frequency hypothesis."

8. "an independent source of prior knowledge of receiver position," as it appears in claim 10 of the '450 patent, is construed to mean "a source, outside of the GPS receiver, of prior knowledge of receiver position."

9. "resolve ambiguity in a time position of a GPS solution," as it appears in claims 10, 44, and 52 of the '450 patent, is construed to mean "to determine one time-position pair from a set that contains multiple possible time-position solutions."

10. "calibrating," as it appears in claims 3, 9, 11, and 53-54 of the '450 patent, is construed to mean "measuring and adjusting in relation to a reference."

11. "GPS Receiver" and "mobile radio station," as they appear in claims 5-6, 8, 10-11, 19-24, 28, 30-33, 36-37, 45-48, 50, and 57 and claims 1-4, 12-17, 38-42, and 55-56 of the '450 patent, respectively, are construed to mean "a receiver that calculates its position using signals from GPS satellites."

12. "means for performing a parallel search over an entire frequency uncertainty band to acquire a GPS satellite overhead and calibrating said receiver local oscillator to reduce the frequency band for the acquisition of subsequent satellites, and performing a further parallel search for all in-view satellites using a single frequency search cell per satellite," as it appears in claim 3 of the '450 patent, is construed as a means-plus-function element, with the functions being "performing a parallel search over an entire frequency uncertainty band to acquire a GPS satellite overhead and calibrating said receiver local oscillator to reduce the frequency band for the acquisition of subsequent satellites, and performing a further parallel search for all in-view

3

satellites using a single frequency search cell per satellite" and the associated structures being "multiple parallel channels and a controller element which includes a microprocessor, modem, autodialer, and transmit voice/data switch."

13. "an earth-based source of Satellite Data Message blocks containing the ephemeris and time models of in-view GPS satellites, which earth-based source is independent of said GPS satellites," as it appears in claims 5 and 24 of the '450 patent, is construed to mean "a terrestrial source of Satellite Data Message blocks containing the ephemeris and time models of in-view GPS satellites, other than a GPS satellite."

14. "pseudo-range" and "pseudo-range measurement," as they appear in claims 11, 30, 33-34, and 37 of the '450 patent, are construed to mean "an approximate distance from a GPS satellite to a receiver without correcting for clock or oscillator offsets or errors."

15. "reduced frequency uncertainty," as it appears in claims 17, 24, 32, 36, and 54 of the '450 patent, is construed to mean "one frequency search cell."

16. "frequency band," "frequency uncertainty band," and "entire frequency uncertainty band," as they appear in claims 3, 9, 11, 17, 24, 32, and 36 of the '450 patent, are construed to mean "the range of frequencies in which a GPS signal is expected to be found based on the satellite position information provided to the GPS receiver for the purpose of assisting GPS satellite acquisition."

17. "data from the Satellite Data Messages," as it appears in claim 9 of the '450 patent, needs no further construction.

18. "assisting data transmitted by in-view GPS satellites," as it appears in claims 10-11 of the '450 patent, is construed as "at least the ephemeris and/or time model data contained within a GPS satellite downlink signal."

Delaware counsel are reminded of their obligation to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel should advise the Court immediately of any problems regarding compliance with this Order.

_____
UNITED STATES DISTRICT JUDGE