*REVISED January 2011*

[Note: Throughout, material in brackets is provided as guidance to counsel as to the Court's practices and/or the matter that needs to be addressed in the Proposed Final Pretrial Order.]

## PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:** [List name, address, telephone number, and e-mail address]

**Defendant(s) Counsel**: [List name, address, telephone number, and e-mail address]

**I.     Nature of the Case**

[The parties should prepare a brief statement of the nature of the case (personal injury, federal tort claim, breach of contract, patent infringement, etc.) including the claims of the parties.  The principal purpose of this statement is to assist the Court in explaining the case to prospective jurors upon selection of a jury.]

**II.    Jurisdiction**

This is an action for [state the remedy sought, such as damages or injunctive or declaratory relief].

The jurisdiction of the Court is not disputed [or, if the issue has not previously been raised, the basis on which jurisdiction is contested] and is based on [state the statutory, constitutional, or other basis of jurisdiction].

**III.   Facts**

   **A.     Uncontested Facts**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

[This section should contain a comprehensive statement of the facts which will become a part of the evidentiary record in the case and which, in jury trials, will be read to the jury at the beginning of the evidentiary portion of the trial.]

    **B.**    **Contested Facts**

[Identify the facts in issue, with a brief statement of what each party intends to prove in support of its claims and/or defenses.  These summaries should be sufficient to identify for the Court the essential facts in issue and to fairly notify the other parties of what counsel expects to prove at trial.]

**IV.**    **Issues of Law**

[Include a statement of the issues of law which any party contends remain to be litigated, and a citation of authorities relied upon by each party.]

[The Court will preclude a party from seeking relief based on claims and defenses not described in the draft pretrial order.]

**V.**    **Witnesses**

[Indicate which witnesses will testify in person and which by deposition.  Any witness not listed will be precluded from testifying, absent good cause shown.  Indicate if there are any objections to a witness and, if so, briefly state the basis for the objection.]

[In the absence of an alternative agreement between the parties, witnesses will be sequestered.  Also, unless the parties reach an alternative agreement, the order of the presentation of evidence will follow the burden of proof.]

      A.      **List of Witnesses the Plaintiff Expects to Call**

           1.      **Expert witnesses**

           2.      **Non-expert witnesses**

      B.      **List of Witnesses Defendant Expects to Call**

           1.      **Expert witnesses**

           2.      **Non-expert witnesses**

      C.      **List of Witnesses Third Parties Expect to Call**

[If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above.]

      D.      **Testimony by Deposition**

[Counsel should confer prior to the pretrial conference to determine which testimony will be offered by deposition (including video tape depositions), to agree on the designation of those portions of the depositions to be offered into evidence, and to identify objections.  If there are objections that will need to be resolved, counsel will submit the transcript and a summary of the objections with the draft pretrial order.  All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.]

**VI.**    **Exhibits**

      A.      **Exhibits**

[The parties are to provide a list of pre-marked exhibits which each party intends to offer at trial, along with citations to the Federal Rules of Evidence to note any objections thereto lodged by any other party.  Exhibits not listed will not be admitted unless good cause is shown.

Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony.]

On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

A party will provide exhibits to be used in connection with direct examination by 3:00 p.m. the day before their intended use, and objections will be provided no later than 7:30 p.m. the night before their intended use. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

### B. Demonstrative Exhibits

The parties will exchange demonstratives to be used in opening statements by 8 p.m. two nights before opening statements. The parties will provide any objections to such demonstratives by 12 noon on the day before opening statements.

A party will provide demonstrative exhibits to be used in connection with direct examination by 3:00 p.m. the day before their intended use, and objections will be provided no later than 7:30 p.m. the night before their intended use. If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD or CD. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a

color representation as a PDF of 8.5 x 11 copies of the exhibits.

This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand.

**VII.    Damages**

[Include an itemized statement of all damages, including special damages.]

**VIII.   Bifurcated Trial**

[Indicate whether the parties desire a bifurcated trial, and, if so, why.]

**IX.     Motions *in Limine***

[Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by

the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.]

**X.      Discovery**

Each party has completed discovery.

**XI.     Number of Jurors**

There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers and there addressing any challenges for cause, and concluding back in the courtroom with peremptory strikes.

**XII.    Non-Jury Trial**

[If the parties desire a detailed opinion from the Court post-trial, counsel should include a proposed post-trial briefing schedule in the draft pretrial order.]

In their initial briefs, each party shall provide proposed Findings of Fact, separately stated in numbered paragraphs, constituting a detailed listing of the relevant material facts the party believes it has proven, in a simple narrative form. In their initial briefs, each party shall also provide Conclusions of Law, with supporting citations.

**XIII.   Length of Trial**

[The trial will be timed. Indicate the number of hours the parties request for their trial presentations.]

Time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, and closing argument. The Courtroom Deputy will keep a running total of trial time used by counsel.

**XIV. Amendments of the Pleadings**

[Indicate any amendments of the pleadings desired by any party, along with a statement whether the proposed amendment is objected to and, if objected to, the grounds for the objection.]

**XV. Additional Matters**

[List here any additional issues requiring resolution prior to trial, including whether the parties anticipate requesting that the courtroom be closed to the public for a portion of any specified witness' testimony.]

**XVI. Settlement**

[Provide a certification that the parties have engaged in a good faith effort to explore the resolution of the controversy by settlement, including a description of the overall extent of such efforts and identification of the date of the most recent substantive discussions regarding settlement.]

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE:

_____
ATTORNEY FOR PLAINTIFF(S)

_____
ATTORNEY FOR DEFENDANT(S)