IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA COMMUNICATIONS, INC., and QUALCOMM INC., <br><br> Defendants. | C.A. No. 09-190-LPS <br><br> **JURY TRIAL DEMANDED** |

## REPLY OF PLAINTIFF ITT MANUFACTURING ENTERPRISES, INC. IN SUPPORT OF MOTION TO SUBSTITUTE EXELIS INC. AS PLAINTIFF

Plaintiff, ITT Manufacturing Enterprises, Inc., by and through its undersigned counsel, responds to the Defendants' Combine Opposition to the motion to substitute Exelis Inc. as the plaintiff as follows:

As plaintiff explained in its Opening Memorandum, the '450 patent was assigned to Exelis Inc., along with all rights to sue for infringement of that patent and collect damages, past, present and future. This assignment, which was recorded at the USPTO, was the result of a corporate restructure in late 2011.

Undeterred by the simple facts involved, the defendants conditioned their acceptance of the proposed substitution in three ways, two of which are the most relevant here. First, although they had no right to do so, the defendants conditioned their acceptance of the substitution on a representation by Exelis that it obtained all rights in the '450 patent in the transfer. But as the

defendants well know, ITT had licensed Samsung, Nokia and Motorola under the '450 patent *before* that patent was assigned to Exelis. Moreover, as part of the restructuring and reorganization, Exelis, ITT and Xylem licensed their intellectual property to each other to the extent necessary to continue to operate their businesses in the same manner as before the restructuring and reorganization. Thus, those entities have existing license rights in the '450 patent, and Exelis could not represent that it obtained assignment of all rights in the '450 patent as defendants demand. Nor does Exelis need to make such a representation. It is Exelis who now owns the '450 patent and the right to pursue infringers for all damages, including past damages. That is the key issue, further representations are not required or appropriate.

Second, even if Exelis were to make the representations the defendants demanded, which demands they repeat through their combined Opposition, the defendants reserved for themselves the right to have any dispute regarding undefined "disputes" that may arise "that impacts any of defendants' interests." *See* Bell 2/20/12 email, attached to Defendants' Opposition at Tab C. Thus, even with the proposed stipulations, the Defendants reserved for themselves the right to challenge the substitution of Exelis for ITT Manufacturing Enterprises Inc.

Exelis is the current owner of the '450 patent and the owner of the right to pursue damages for all infringements, including past infringements. There is no need to delay the simple substitution of parties or to condition that substitution on agreement by the defendants. The defendants present no basis to refuse the plaintiff's substitution request, and the requested substitution should be granted.

Respectfully submitted,

FOX ROTHSCHILD LLP


/s/ Gregory B. Williams
   Gregory B. Williams (I.D. No. 4195)
   FOX ROTHSCHILD LLP
   Citizens Bank Center
   919 N. Market Street, Suite 1300
   Wilmington, DE 19899
   Tel: 302-622-4211

      and

Of Counsel:

James D. Berquist, Esq.
J. Scott Davidson, Esq.
Donald L. Jackson, Esq.
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd. 7th Flr.
Arlington, VA
Tel: (703) 894-6400
Fax: (703) 894-6430

*Attorneys for Plaintiff*
ITT MANUFACTURING ENTERPRISES, INC.

Date: March 22, 2012