# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG MOBILECOMM U.S.A., INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA COMMUNICATIONS, INC., and QUALCOMM INC., <br><br> Defendants. | C.A. No. 09-190-LPS <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR LEAVE TO FILE DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT FOR
PLAINTIFF'S VIOLATION OF 35 U.S.C. § 305**

The deadline for filing opening case dispositive motions in this case is June 7, 2012 (Jan. 17, 2012, Stipulation and Order at 3 (D.I. 459)), and leave of the Court is required to file a dispositive motion more than 10 days prior to that date (Dec. 27, 2010, Scheduling Order ¶ 8 (D.I. 417)). Defendants[1] hereby respectfully seek leave of the Court to file Defendants' Motion for Partial Summary Judgment for Plaintiff's Violation of 35 U.S.C. § 305 and Brief in Support (Exs. A and B attached hereto) and the supporting Declaration of Jefferson E. Bell, dated May 4, 2012, with attached exhibits (Ex. C filed herewith) as soon as is practicable, and in advance of the deadlines provided in the scheduling orders.

---

[1] The term "Defendants" refers to Cellco Partnership, LG Electronics, Inc., LG Electronics USA, Inc., LG Electronics Mobilecomm U.S.A., Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corp., Kyocera Communications, Inc., and Qualcomm Inc.

As the Court may recall, Defendants raised the issue of filing an early summary judgment motion pursuant to 35 U.S.C. § 305 several months ago. Specifically, in a January 9, 2012, teleconference, counsel informed the Court that Defendants were considering whether a focused § 305 motion would be useful to the parties and to the Court. (*See* Jan. 9, 2012, Tel. Conf. Tr. 5:10-14 (D.I. 460).) Counsel further stated that once Defendants had considered the benefits of such a motion, Defendants "may return at a later date requesting leave to make that focused motion at a date earlier than is set for summary judgment motions". (Tel. Conf. Tr. 5:17-19.) The Court stated it had been "given . . . notice of [the potential motion for leave to file early]. We'll take it up if, and when, there is a request." (Tel. Conf. Tr. 5:20-21.) This request for leave now follows.

The reasons for Defendants' request are those raised with the Court in January: resolution of a single, focused § 305 issue could have a potentially large "impact on the scope of the case" and could greatly increase the "potential for early resolution" of this litigation. (*See* Tel. Conf. Tr. 5:12-14.) As set forth in Defendants' motion, Plaintiff ITT Manufacturing Enterprises, Inc. ("ITT") purposefully used the patent reexamination process to broaden the scope of 39 of the 57 claims of U.S. Patent No. 5,365,450 (the "Patent" at issue). Those 39 claims accordingly violate § 305—in two independent ways—and must be invalidated. (*See* Ex. B, Arguments I and II.) Clearly, the invalidation of the majority of the Patent's claims at this stage of the proceedings would greatly reduce the issues in this case, and could precipitate a settlement, thereby sparing the Court and the litigants a lengthy, two-phase trial. At the very least, the early invalidation of the 39 claims would save the Court and the parties the time and expense of preparing for and addressing those claims at trial.

In addition, Defendants' § 305 motion is "focused" (*accord* Tel. Conf. Tr. 5:18), and well suited to adjudication on summary judgment. The central question of Defendants' motion is whether the scope of a single claim term, "Satellite Data Message block", which is present in 39 claims, is broader following reexamination of the Patent. No more than the answer to that one question need be decided to invalidate the 39 "Satellite Data Message block" claims. Moreover, the question of whether "Satellite Data Message block" has been broadened is purely a matter of claim construction, which is a matter of law. *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1580 (Fed. Cir. 1995). The Court need not decide disputed issues of fact, only this single legal question.

Defendants have filed this motion for leave as soon as Defendants could do so with an accompanying completed § 305 motion. (*See* Ex. A; Ex. B; Ex. C.) In January, the prospect was raised that the § 305 motion may be "contingent . . . on expert discovery". (Tel. Conf. Tr. 5:12.) Ultimately, that proved true. ITT's expert, Dr. Stephen Heppe, confirmed several important points in Defendant's motion (*see, e.g.*, Ex. B at 5) at his deposition. Dr. Heppe's deposition was completed only the day before yesterday, May 2, 2012, and the deposition of Defendants' expert, Dr. Anthony Pratt, was completed only last week. Although depositions of other experts are continuing, now that these two depositions have been completed, Defendants are prepared to move pursuant to § 305.

In order to avoid burdening the Court with the need to resolve disputes concerning this motion for leave, counsel for Defendants met and conferred with counsel for ITT to request ITT's consent to file this motion unopposed. ITT did not so consent.

3

                                            Respectfully submitted,

                                            POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: */s/ David E. Moore* |
|---|---|
| | Richard L. Horwitz (#2246) |
| Keith R. Hummel | David E. Moore (#3983) |
| Roger G. Brooks | Hercules Plaza, 6th Floor |
| Teena-Ann V. Sankoorikal | 1313 N. Market Street |
| CRAVATH SWAINE & MOORE LLP | Wilmington, DE 19801 |
| Worldwide Plaza | Tel: (302) 984-6000 |
| 825 Eighth Ave. | rhorwitz@potteranderson.com |
| New York, NY 10019-7475 | dmoore@potteranderson.com |
| Tel: (212) 474-1000 | |
| | *Attorneys for Defendant* |
| Dated: May 4, 2012 | *Qualcomm Incorporated* |
| 1058009 / 34172 | |
| | *Filed On Behalf Of All Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 4, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 4, 2012, the attached document was Electronically Mailed to the following person(s):

Gregory Brian Williams
FOX ROTHSCHILD LLP
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
gwilliams@foxrothschild.com
*Attorneys for Plaintiff*
*ITT Manufacturing Enterprises, Inc.*

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON &
   GOWDEY LLP
4300 Wilson Boulevard, Suite 700
Arlington, VA 22203
jberquist@dbjg.com
sdavidson@dbjg.com
djackson@dbjg.com
*Attorneys for Plaintiff*
*ITT Manufacturing Enterprises, Inc.*

John G. Day
Tiffany Geyer Lydon
Caroline Hong
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

Edward C. Donovan
Gregory F. Corbett
Christopher R. Nalevanko
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005
edward.donovan@kirkland.com
gregory.corbett@kirkland.com
christopher.nalevanko@kirkland.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

| | |
|---|---|
| Paul E. Crawford<br>CONNOLLY, BOVE, LODGE & HUTZ<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>pcrawford@cblh.com<br>*Attorneys for Defendants LG Electronics, Inc.,*<br>*LG Electronics USA, Inc., LG Mobilecomm*<br>*U.S.A., Inc., Kyocera Corporation, Kyocera*<br>*International, Inc., Kyocera Wireless Corp.,*<br>*and Kyocera Sanyo Telecom, Inc.* | Jeffery K. Sherwood<br>Frank C. Cimino, Jr.<br>DeAnna D. Allen<br>Robert L. Kinder<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street NW<br>Washington, DC 20006-5403<br>ITT-Kyocera-LG@dicksteinshapiro.com<br>*Attorneys for Defendants LG Electronics, Inc.,*<br>*LG Electronics USA, Inc., LG Mobilecomm*<br>*U.S.A., Inc., Kyocera Corporation, Kyocera*<br>*International, Inc., Kyocera Wireless Corp.,*<br>*and Kyocera Sanyo Telecom, Inc.* |
| Katie J.L. Scott<br>DICKSTEIN SHAPIRO LLP<br>700 Hansen Way<br>Palo Alto, CA 94304-1016<br>ITT-Kyocera-LG@dicksteinshapiro.com<br>*Attorneys for Defendants*<br>*LG Electronics, Inc., LG Electronics USA, Inc.,*<br>*LG Mobilecomm U.S.A., Inc., Kyocera*<br>*Corporation, Kyocera International, Inc.,*<br>*Kyocera Wireless Corp., and Kyocera Sanyo*<br>*Telecom, Inc.* | Larry R. Schmadeka<br>LEE, HONG, DEGERMAN, KANG<br>& WAIMEY, P.C.<br>660 South Figueroa Street. Suite 2300<br>Los Angeles, CA 90017<br>lschmadeka@lhlaw.com<br>*Attorneys for Defendants LG Electronics, Inc.,*<br>*LG Electronics USA, Inc., and LG*<br>*Mobilecomm U.S.A., Inc.* |

By: */s/ David E. Moore*
    Richard L. Horwitz
    David E. Moore
    POTTER ANDERSON & CORROON LLP
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

910256 / 34172