**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG MOBILECOMM U.S.A., INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA COMMUNICATIONS, INC., and QUALCOMM INC., | ) ) ) ) ) ) ) ) ) ) | C.A. No. 09-190-LPS **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO FILE DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT FOR
PLAINTIFF'S VIOLATION OF 35 U.S.C. § 305**

OF COUNSEL:

Roger G. Brooks
Teena-Ann V. Sankoorikal
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Ave.
New York, NY 10019-7475
Tel: (212) 474-1000

Dated: May 21, 2012
1060266 / 34172

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Qualcomm Inc. and
filing on behalf of all Defendants*

Plaintiff ITT Manufacturing Enterprises, Inc. ("ITT")[1] opposes Defendants' motion for leave to file an early summary judgment motion under 35 U.S.C. § 305 on two grounds. Neither holds water. Defendants' request for leave should, therefore, be granted.

*First*, ITT acknowledges that resolution of Defendants' § 305 motion, which turns on a single question of law, could potentially narrow to a great extent the scope of this litigation and precipitate a settlement by the parties. (Pl.'s Opp. to Defs.' Mot. for Summ. J. for Pl.'s Violation of 35 U.S.C. § 305, D.I. 475 at 1-2.) That alone is sufficient cause to grant Defendants' motion for leave. ITT is simply incorrect in stating that the "same can be said for most summary judgment motions". (*Id.* at 2.) Defendants' § 305 motion is atypical in the narrowness of the issue to be decided (the construction of a single claim term of U.S. Patent No. 5,365,450 (the "Patent" at issue)) and the outsized impact a decision on that issue could have (potentially invalidating 39 of the Patent's 57 claims). Indeed, as ITT admits, Defendants' § 305 motion is "well suited to adjudication on summary judgment". (*Id.* at 2.) There is thus no need to wait to proceed when both parties are ready to do so, as Defendants' opening motion has already been submitted to the Court and ITT is professedly ready to move forward "as soon as is practicable". (*Id.* at 2.)

*Second*, ITT seeks to block Defendants' motion because ITT claims that Defendants "refus[ed] to agree to allow Plaintiff to also file an early § 305 cross-motion". (*Id.* at 2.) That is a gross distortion of the record. At no point did Defendants "refuse" to agree that ITT could file an early § 305 motion. Indeed, the opposite is true, as the following chronology

---

[1] Although ITT states in its opposition that it is "now Exelis Inc.", that is not what ITT has previously represented to this Court. In ITT's motion to substitute "Exelis Inc." as plaintiff, ITT stated that "ITT Manufacturing Enterprises, Inc. was converted into a Delaware limited liability company named ITT Manufacturing Enterprises LLC". (Mot. of Pl. ITT Mfg. Enters., Inc. to Substitute Exelis Inc. as Pl. and Reform Caption, D.I. 465 ¶ 3.) "Exelis Inc.", according to ITT's previous statement, is a "new corporate entity" created by ITT's parent company. (*Id.* ¶ 2.)

makes clear. On April 27, 2012, Defendants first sought ITT's consent to Defendants' § 305 summary judgment motion prior to the date provided for in the operative Scheduling Orders. (Declaration of Jefferson E. Bell[2] ¶ 4 ("Bell Decl.").) Following correspondence between the parties, ITT raised the issue of filing its own § 305 motion on April 30, 2012. (Bell Decl. ¶ 6.) Defendants *that same day* stated that they were willing for ITT to do so: Defendants proposed a joint motion for leave to file early, to which both parties' motions would be attached. Defendants repeatedly made this proposal to ITT and were met only with silence. (Bell Decl. ¶¶ 9-11.) As a result, Defendants—having waited one week for ITT's consent on Defendants' § 305 motion—were left to proceed on their own with their request for leave to the Court. (Bell Decl. ¶¶ 10-11.)

Defendants do not believe a separate § 305 motion from ITT, instead of a simple opposition from ITT to Defendants' § 305 motion, is necessary. Defendants' § 305 motion puts the issue to be decided squarely before the Court, and additional rounds of briefing on that single, straightforward issue would present a waste of resources. In addition, the scope of any such ITT motion, according to ITT's counsel, would be coextensive with the issues raised in Defendants' motion. (Bell Decl. ¶ 6.) Defendants thus respectfully request that the Court grant leave to file Defendants' § 305 motion as soon as is practicable, and deny ITT's request for leave to file its requested "cross-motion". That said, Defendants remain willing to consent to ITT's

_____

[2] The Bell Declaration accompanying this reply brief sets forth the details of interactions between counsel for Defendant Qualcomm and Plaintiff ITT concerning the filing of Defendants' motion for leave to file.

moving on § 305 at the same time as Defendants, should the Court find such an arrangement useful.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Roger G. Brooks
Teena-Ann V. Sankoorikal
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Ave.
New York, NY  10019-7475
Tel:  (212) 474-1000

Dated:  May 21, 2012
1060266 / 34172

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Qualcomm Inc. and
filing on behalf of all Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 21, 2012, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on May 21, 2012, the attached document was Electronically Mailed

to the following person(s):

Gregory Brian Williams
FOX ROTHSCHILD LLP
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington , DE  19899-2323
gwilliams@foxrothschild.com
*Attorneys for Plaintiff
ITT Manufacturing Enterprises, Inc.*

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON &
    GOWDEY LLP
4300 Wilson Boulevard, Suite 700
Arlington, VA  22203
jberquist@dbjg.com
sdavidson@dbjg.com
djackson@dbjg.com
*Attorneys for Plaintiff
ITT Manufacturing Enterprises, Inc.*

John G. Day
Tiffany Geyer Lydon
Caroline Hong
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com
*Attorneys for Defendant
Cellco Partnership (d/b/a Verizon Wireless)*

Edward C. Donovan
Gregory F. Corbett
Christopher R. Nalevanko
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC  20005
edward.donovan@kirkland.com
gregory.corbett@kirkland.com
christopher.nalevanko@kirkland.com
*Attorneys for Defendant
Cellco Partnership (d/b/a Verizon Wireless)*

Paul E. Crawford
CONNOLLY, BOVE, LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington , DE 19899
pcrawford@cblh.com
*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics USA, Inc., LG Mobilecomm*
*U.S.A., Inc., Kyocera Corporation, Kyocera*
*International, Inc., Kyocera Wireless Corp.,*
*and Kyocera Sanyo Telecom, Inc.*

Jeffery K. Sherwood
Frank C. Cimino, Jr.
DeAnna D. Allen
Robert L. Kinder
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
ITT-Kyocera-LG@dicksteinshapiro.com
*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics USA, Inc., LG Mobilecomm*
*U.S.A., Inc., Kyocera Corporation, Kyocera*
*International, Inc., Kyocera Wireless Corp.,*
*and Kyocera Sanyo Telecom, Inc.*

Katie J.L. Scott
DICKSTEIN SHAPIRO LLP
700 Hansen Way
Palo Alto, CA 94304-1016
ITT-Kyocera-LG@dicksteinshapiro.com
*Attorneys for Defendants*
*LG Electronics, Inc., LG Electronics USA, Inc.,*
*LG Mobilecomm U.S.A., Inc., Kyocera*
*Corporation, Kyocera International, Inc.,*
*Kyocera Wireless Corp., and Kyocera Sanyo*
*Telecom, Inc.*

Larry R. Schmadeka
LEE, HONG, DEGERMAN, KANG
& WAIMEY, P.C.
660 South Figueroa Street. Suite 2300
Los Angeles, CA 90017
lschmadeka@lhlaw.com
*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics USA, Inc., and LG*
*Mobilecomm U.S.A., Inc.*

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

910256 / 34172

2