# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG MOBILECOMM U.S.A., INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA COMMUNICATIONS, INC., and QUALCOMM INC., <br><br> Defendants. | C.A. No. 09-190-LPS <br><br> **JURY TRIAL DEMANDED** |

## DECLARATION OF JEFFERSON E. BELL

I, Jefferson E. Bell, declare as follows:

1. I am an associate at Cravath, Swaine & Moore LLP. I am admitted to the bar in the State of New York and have been admitted *pro hac vice* to appear before this Court in the above-captioned matter.

2. I submit this declaration in support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Leave to File Defendants' Motion for Partial Summary Judgment for Plaintiff's Violation of 35 U.S.C. § 305.

3. I have personal knowledge of the matters set forth herein and if I am called upon to testify, I could and would testify competently thereto.

4. On April 27, 2012, I spoke in person with Don Jackson, counsel for Plaintiff ITT Manufacturing Enterprises, Inc. ("ITT"), to request ITT's consent to Defendants' filing a summary judgment motion pursuant to 35 U.S.C. § 305 prior to the date provided for in

the operative Scheduling Orders (D.I. 417 ¶ 8; D.I. 459 at 3.). Mr. Jackson proposed (subject to discussion with his partners and client) that if Defendants withdrew their Opposition (D.I. 466) to the Motion of Plaintiff ITT Manufacturing Enterprises, Inc. to Substitute Exelis Inc. as Plaintiff and Reform Caption (D.I. 465), ITT would consent to Defendants' filing an early § 305 motion.

5. On April 30, 2012, I emailed Mr. Jackson to notify him that Defendants agreed to his proposal, contingent on the accuracy of the Plaintiff's Stipulation in Support of Motion to Substitute, filed with the Court on April 26, 2012. (D.I. 471.) I requested a response by Wednesday, May 2. Attached as Exhibit 1 is a true and correct copy of that email.

6. Mr. Jackson replied to me via email later that day to inquire whether Defendants would consent to ITT's filing "a cross-motion on the same issue at the same time". Mr. Jackson also made clear that he had not yet approached his client with the proposal that he had made to Defendants. Attached as Exhibit 2 is a true and correct copy of that email.

7. I responded to Mr. Jackson that same day via email to inquire as to the subject of ITT's supposed "cross-motion" and when ITT intended to file such a motion. I also informed Mr. Jackson that Defendants "intend to move forward very soon on our own [§ 305] motion". Attached as Exhibit 3 is a true and correct copy of that email.

8. Later that day, Mr. Jackson replied via email that ITT's contemplated cross-motion was for summary judgment "of no invalidity based on 305". Mr. Jackson did not respond to my question as to the timing of ITT's supposed motion. Attached as Exhibit 4 is a true and correct copy of that email.

9. On May 2, 2012, I spoke with Mr. Jackson in person. I informed Mr. Jackson that Defendants were willing to consider an agreement whereby ITT and Defendants

would jointly request leave to file simultaneous § 305 motions and attach both motions to the request. Mr. Jackson said he had not yet discussed the matter with his client, and that he would need to do so. I wrote Mr. Jackson an email later that day to confirm Defendants' proposal: Defendants were "willing to consider a joint unopposed motion with both 305 briefs attached". I also confirmed that Defendants intended to request leave to file a § 305 motion by the end of the week, and thus a response from ITT to Defendants' proposal was needed by 5 p.m. on May 3. Attached as Exhibit 5 is a true and correct copy of that email.

10. ITT did not respond by 5 p.m. on May 3, 2012. On May 3, I again emailed Mr. Jackson to request a response by noon on May 4. I notified Mr. Jackson that if Defendants did not receive a response from ITT by that time, Defendants would be forced to assume that ITT did not consent to Defendants' motion for leave to file early. Attached as Exhibit 6 is a true and correct copy of that email.

11. I received no response from Mr. Jackson on May 4, 2012. Defendants accordingly filed Defendants' Motion for Leave to File Defendants' Motion for Partial Summary Judgment for Plaintiff's Violation of 35 U.S.C. § 305. (D.I. 474.)

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed in New York, New York, on May 21, 2012.

/s/ Jefferson E. Bell
Jefferson E. Bell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 21, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 21, 2012, the attached document was Electronically Mailed to the following person(s):

Gregory Brian Williams
FOX ROTHSCHILD LLP
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
gwilliams@foxrothschild.com
*Attorneys for Plaintiff*
*ITT Manufacturing Enterprises, Inc.*

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON &
    GOWDEY LLP
4300 Wilson Boulevard, Suite 700
Arlington, VA 22203
jberquist@dbjg.com
sdavidson@dbjg.com
djackson@dbjg.com
*Attorneys for Plaintiff*
*ITT Manufacturing Enterprises, Inc.*

John G. Day
Tiffany Geyer Lydon
Caroline Hong
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

Edward C. Donovan
Gregory F. Corbett
Christopher R. Nalevanko
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005
edward.donovan@kirkland.com
gregory.corbett@kirkland.com
christopher.nalevanko@kirkland.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

| | |
|---|---|
| Paul E. Crawford<br>CONNOLLY, BOVE, LODGE & HUTZ<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>pcrawford@cblh.com<br>*Attorneys for Defendants LG Electronics, Inc., LG Electronics USA, Inc., LG Mobilecomm U.S.A., Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corp., and Kyocera Sanyo Telecom, Inc.* | Jeffery K. Sherwood<br>Frank C. Cimino, Jr.<br>DeAnna D. Allen<br>Robert L. Kinder<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street NW<br>Washington, DC 20006-5403<br>ITT-Kyocera-LG@dicksteinshapiro.com<br>*Attorneys for Defendants LG Electronics, Inc., LG Electronics USA, Inc., LG Mobilecomm U.S.A., Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corp., and Kyocera Sanyo Telecom, Inc.* |
| Katie J.L. Scott<br>DICKSTEIN SHAPIRO LLP<br>700 Hansen Way<br>Palo Alto, CA 94304-1016<br>ITT-Kyocera-LG@dicksteinshapiro.com<br>*Attorneys for Defendants LG Electronics, Inc., LG Electronics USA, Inc., LG Mobilecomm U.S.A., Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corp., and Kyocera Sanyo Telecom, Inc.* | Larry R. Schmadeka<br>LEE, HONG, DEGERMAN, KANG<br>& WAIMEY, P.C.<br>660 South Figueroa Street. Suite 2300<br>Los Angeles, CA 90017<br>lschmadeka@lhlaw.com<br>*Attorneys for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Mobilecomm U.S.A., Inc.* |

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

910256 / 34172

2