# EXHIBIT 4



**Re: ITT v Cellco: Early 305 and Opposition to Motion to Substitute**

Don Jackson <djackson@davidsonberquist.com>   to: JBell@cravath.com   04/30/2012 10:51 PM

Cc: DeAnna Allen, "Gregory F. Corbett", "TSankoorikal@cravath.com", "MKhadpe@cravath.com", "Jay Berquist", Scott Davidson, Gregory Williams

| | |
|---|---|
| From: | Don Jackson <djackson@davidsonberquist.com> |
| To: | "JBell@cravath.com" <JBell@cravath.com> |
| Cc: | DeAnna Allen <AllenD@dicksteinshapiro.com>, "Gregory F. Corbett" <gcorbett@kirkland.com>, "TSankoorikal@cravath.com" <TSankoorikal@cravath.com>, "MKhadpe@cravath.com" <MKhadpe@cravath.com>, "Jay Berquist" <jberquist@davidsonberquist.com>, Scott Davidson <sdavidson@davidsonberquist.com>, Gregory Williams <GWilliams@foxrothschild.com> |
| History: | This message has been replied to and forwarded. |

Jeff,

I believe defendants recognize that ITT/Exelis is very likely to win that motion, especially in light of the stipulation. So, ITT is not getting very much, if anything at all, in return for an agreement to allow defendants to file an early motion.  I don't think ITT/Exelis would be willing to "kick the can down the road" and allow defendants to challenge the transfer of the patent later.

As to your second question, we would file a MSJ of no invalidity based on 305.

Don

On Apr 30, 2012, at 9:55 PM, "JBell@cravath.com" <JBell@cravath.com> wrote:

> Don,
>
> With respect to your first question, in our withdrawal, we would reserve our rights to act in the future if it's later discovered that your stipulation is inaccurate.  In the absence of full discovery into the Exelis issue and of an evidentiary hearing, this would help protect us while enabling you to move forward.
>
> With respect to your second question, we need to understand what exactly you're thinking.  To file summary judgment that ITT did not violate 305 or on some other issue?  When would you intend to file?  We intend to move forward very soon on our own motion.  Finally, if we do an exchange on early motions, it's unclear why we would need to include our withdrawal on the motion to substitute.
>
> Jeff
>
>
>
> Jefferson E. Bell
> Cravath, Swaine & Moore LLP
> 825 Eighth Avenue
> New York, NY 10019
> Phone: (212) 474-1128
> Fax: (212) 474-3700
> jbell@cravath.com

>
>
>
> ----- Original Message -----
> From: Don Jackson [djackson@davidsonberquist.com]
> Sent: 05/01/2012 12:22 AM GMT
> To: Jefferson Bell
> Cc: "AllenD@dicksteinshapiro.com" <AllenD@dicksteinshapiro.com>; "gcorbett@kirkland.com" <gcorbett@kirkland.com>; Teena-Ann Sankoorikal; Marc Khadpe; Jay Berquist <jberquist@davidsonberquist.com>; Scott Davidson <sdavidson@davidsonberquist.com>; Gregory Williams <GWilliams@foxrothschild.com>
> Subject: Re: ITT v Cellco:  Early 305 and Opposition to Motion to Substitute
>
>
>
> Jeff,
>
> Before I take it to the client, what do you mean "contingent on the accuracy of the stipulation"?  In addition, would the defendants agree that ITT/Exelis could file a cross-motion on the same issue at the same time?
>
> Don
>
>
> On Apr 30, 2012, at 8:09 PM, "Jefferson Bell" <JBell@cravath.com<mailto:JBell@cravath.com>> wrote:
>
> Don,
>
> We discussed it, and defendants are amenable to the exchange that you proposed at Dr. Pratt's deposition on Friday.  We are willing to withdraw our opposition to the motion to substitute in Exelis (contingent on the accuracy of the stipulation that you put in last week) if you agree that we can file our 305 summary judgment motion early.  If that still works for you, we can circulate a stip.  Given the calendar, please let us know as soon as possible, but in any event by Wednesday.
>
> Thanks,
> Jeff
>
>
> Jefferson E. Bell
> Cravath, Swaine & Moore LLP
> 825 Eighth Avenue
> New York, NY 10019
> Phone: (212) 474-1128
> Fax: (212) 474-3700
> jbell@cravath.com<mailto:jbell@cravath.com>
>
> This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.
>
>
> This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

>