# EXHIBIT 6

## Re: ITT v Cellco: Early 305 and Opposition to Motion to Substitute 📄

**Jefferson Bell**   to:  Don Jackson                                              05/03/2012 11:05 PM

Cc:   "Gregory Williams", "Jay Berquist", Marc Khadpe, "Scott Davidson", Teena-Ann Sankoorikal

| | |
|---|---|
| From: | Jefferson Bell/NYC/Cravath |
| To: | "Don Jackson" <djackson@davidsonberquist.com> |
| Cc: | "Gregory Williams" <GWilliams@foxrothschild.com>, "Jay Berquist" <jberquist@davidsonberquist.com>, Marc Khadpe/NYC/Cravath, "Scott Davidson" <sdavidson@davidsonberquist.com>, Teena-Ann Sankoorikal/NYC/Cravath@cravath |

Don,

We asked to hear from you today by 5 p.m. on the below, and it has been nearly a week since we first raised the issue with you.  Do we have your consent to file for leave tomorrow unopposed or not?  If we don't hear from you by noon ET tomorrow (Friday, May 4), we will be forced to assume the latter.

Thanks,
Jeff


Jefferson E. Bell
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1128
Fax: (212) 474-3700
jbell@cravath.com

---

| Jefferson Bell | Don, As we discussed after Dr. Heppe's depositi... | 05/02/2012 07:53:40 PM |
|---|---|---|

| | |
|---|---|
| From: | Jefferson Bell/NYC/Cravath |
| To: | "Don Jackson" <djackson@davidsonberquist.com> |
| Cc: | "DeAnna Allen" <AllenD@dicksteinshapiro.com>, "Gregory F. Corbett" <gcorbett@kirkland.com>, Teena-Ann Sankoorikal/NYC/Cravath@Cravath, Marc Khadpe/NYC/Cravath, "Jay Berquist" <jberquist@davidsonberquist.com>, "Scott Davidson" <sdavidson@davidsonberquist.com>, "Gregory Williams" <GWilliams@foxrothschild.com> |
| Date: | 05/02/2012 07:53 PM |
| Subject: | Re: ITT v Cellco:  Early 305 and Opposition to Motion to Substitute |

---

Don,

As we discussed after Dr. Heppe's deposition today, we plan to move for leave
to file our 305 motion by the end of the week, with our finalized 305 brief
attached.  If ITT can match that timing (although I understood from you that
was unlikely), we are willing to consider a joint unopposed motion with both
305 briefs attached.  If not, we still intend to move for leave.  Please let
me know as soon as possible if ITT consents to that motion or not, but in any
event please let me know by no later than 5 pm tomorrow.

As I also said, we are still willing to work out your proposed exchange as I
outlined below.

Thanks,

Jeff

Jefferson E. Bell
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1128
Fax: (212) 474-3700
jbell@cravath.com

----- Original Message -----
From: Don Jackson [djackson@davidsonberquist.com]
Sent: 05/01/2012 02:52 AM GMT
To: Jefferson Bell
Cc: DeAnna Allen <AllenD@dicksteinshapiro.com>; "Gregory F. Corbett"
<gcorbett@kirkland.com>; Teena-Ann Sankoorikal; Marc Khadpe; "Jay Berquist"
<jberquist@davidsonberquist.com>; Scott Davidson
<sdavidson@davidsonberquist.com>; Gregory Williams
<GWilliams@foxrothschild.com>
Subject: Re: ITT v Cellco:  Early 305 and Opposition to Motion to Substitute

Jeff,

I believe defendants recognize that ITT/Exelis is very likely to win that
motion, especially in light of the stipulation. So, ITT is not getting very
much, if anything at all, in return for an agreement to allow defendants to
file an early motion.  I don't think ITT/Exelis would be willing to "kick the
can down the road" and allow defendants to challenge the transfer of the
patent later.

As to your second question, we would file a MSJ of no invalidity based on 305.

Don

On Apr 30, 2012, at 9:55 PM, "JBell@cravath.com" <JBell@cravath.com> wrote:

> Don,
>
> With respect to your first question, in our withdrawal, we would reserve our
rights to act in the future if it's later discovered that your stipulation is
inaccurate.  In the absence of full discovery into the Exelis issue and of an
evidentiary hearing, this would help protect us while enabling you to move
forward.
>
> With respect to your second question, we need to understand what exactly
you're thinking.  To file summary judgment that ITT did not violate 305 or on
some other issue?  When would you intend to file?  We intend to move forward
very soon on our own motion.  Finally, if we do an exchange on early motions,
it's unclear why we would need to include our withdrawal on the motion to
substitute.
>
> Jeff
>

>
>
> Jefferson E. Bell
> Cravath, Swaine & Moore LLP
> 825 Eighth Avenue
> New York, NY 10019
> Phone: (212) 474-1128
> Fax: (212) 474-3700
> jbell@cravath.com
>
>
>
> ----- Original Message -----
> From: Don Jackson [djackson@davidsonberquist.com]
> Sent: 05/01/2012 12:22 AM GMT
> To: Jefferson Bell
> Cc: "AllenD@dicksteinshapiro.com" <AllenD@dicksteinshapiro.com>;
"gcorbett@kirkland.com" <gcorbett@kirkland.com>; Teena-Ann Sankoorikal; Marc
Khadpe; Jay Berquist <jberquist@davidsonberquist.com>; Scott Davidson
<sdavidson@davidsonberquist.com>; Gregory Williams
<GWilliams@foxrothschild.com>
> Subject: Re: ITT v Cellco:  Early 305 and Opposition to Motion to Substitute
>
>
>
> Jeff,
>
> Before I take it to the client, what do you mean "contingent on the accuracy
of the stipulation"?  In addition, would the defendants agree that ITT/Exelis
could file a cross-motion on the same issue at the same time?
>
> Don
>
>
> On Apr 30, 2012, at 8:09 PM, "Jefferson Bell" <JBell@cravath.com<
mailto:JBell@cravath.com>> wrote:
>
> Don,
>
> We discussed it, and defendants are amenable to the exchange that you
proposed at Dr. Pratt's deposition on Friday.  We are willing to withdraw our
opposition to the motion to substitute in Exelis (contingent on the accuracy
of the stipulation that you put in last week) if you agree that we can file
our 305 summary judgment motion early.  If that still works for you, we can
circulate a stip.  Given the calendar, please let us know as soon as possible,
but in any event by Wednesday.
>
> Thanks,
> Jeff
>
>
> Jefferson E. Bell
> Cravath, Swaine & Moore LLP
> 825 Eighth Avenue
> New York, NY 10019
> Phone: (212) 474-1128
> Fax: (212) 474-3700
> jbell@cravath.com<mailto:jbell@cravath.com>
>
> This e-mail is confidential and may be privileged. Use or disclosure of it

by anyone other than a designated addressee is unauthorized. If you are not an
intended recipient, please delete this e-mail from the computer on which you
received it.
>
>
> This e-mail is confidential and may be privileged. Use or disclosure of it
by anyone other than a designated addressee is unauthorized. If you are not an
intended recipient, please delete this e-mail from the computer on which you
received it.
>