IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA COMMUNICATIONS, INC., and QUALCOMM INC., <br><br> Defendants. | C.A. No. 09-190-LPS <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF ITT MANUFACTURING ENTERPRISES, INC.'S
ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT UNDER 35 U.S.C. §305**

Gregory B. Williams (I.D. No. 4195)
FOX ROTHSCHILD LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19899

James D. Berquist, Esq.
J. Scott Davidson, Esq.
Donald L. Jackson, Esq.
DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP
4300 Wilson Blvd. 7th Flr.
Arlington, VA
*Attorneys for Plaintiff*
ITT MANUFACTURING ENTERPRISES, INC.

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF ARGUMENT | 1 |
| III. | STATEMENT OF FACTS | 2 |
| A. | Plaintiff's Statement of Material Facts | 2 |
| B. | Plaintiff's Rebuttal of Defendants' Statement of Material Facts | 3 |
| IV. | ARGUMENT | 6 |
| A. | Defendants' Motion Is A Covert And Untimely Motion For Reconsideration | 6 |
| B. | The Word "Block" Has Meaning In Both Original And Reexamined Claims | 7 |
| C. | The Reexam Claim Amendments Did Not Enlarge Claim Scope | 10 |
| V. | CONCLUSION | 12 |

## TABLE OF AUTHORITIES

**CASES**

*Del Mar Avionics, Inc. v. Quinton Instrument Co.,*
    836 F.2d 1320 (Fed. Cir. 1985) (*en banc*) .................................................................. 6

*Liebel-Flarsheim Co. v. Mallinckrodt Inc.,* 358 F.3d 898 (Fed. Cir. 2004) ............................... 8

*Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576 (Fed. Cir. 1996) ....................................... 8

I.  **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

This is a patent infringement case in which Plaintiff ITT Manufacturing Enterprises, Inc., now Excelis Inc. ("Plaintiff") accuses defendants Cellco Partnership ("Verizon"), LG Electronics USA, Inc. and LG Mobilecomm U.S.A., Inc. (collectively "LG"), Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corp., and Kyocera Communications, Inc. (collectively "Kyocera"), and Qualcomm Inc. ("Qualcomm") of infringing U.S. Patent No. 5,365,450 ("the '450 patent"). Plaintiff hereby opposes Defendants' Motion for Partial Summary Judgment of 35 U.S.C. § 305 Claim Broadening.

II. **SUMMARY OF ARGUMENT**

A necessary and foundational premise of Defendants' motion is that this Court's claim construction of the term "Satellite Data Message block" is wrong. But this Court's construction of that term is law of the case and cannot be contradicted by defendants whether they are arguing invalidity under 35 U.S.C. § 305 or otherwise. Because claim terms are construed as a matter of law, the term "Satellite Data Message block" has only ever had one correct construction. Because it suits their non-infringement preferences, defendants prefer the vacated claim construction ruling from Judge Sleet, and build their § 305 invalidity contentions around that construction instead of respecting and using the actual construction issued in this case. Because defendants' present motion is premised on the allegation that this Court's December 2011 claim construction is wrong (and because Defendants have not sought reconsideration of that ruling), defendants' § 305 motion must be denied as a matter of law.

If this Court's construction is correct, the term "Satellite Data Message block" has always properly encompassed less than the full 900 bits of the first three subframes broadcast by a GPS satellite. If this Court's construction is incorrect (which Defendants should not be allowed to assert under the law of the case doctrine), the term "Satellite Data Message block" has always

properly encompassed only the full 900 bits of the first three subframes broadcast by a GPS satellite. Either way, the meaning of that term has not changed and the defendants' motion should be denied. It is plainly not enough to compare the scope of the claim under Judge Sleet's vacated claim construction with this Court's December 2011 construction, and yet that is the defendants' position in a nutshell.

Defendants' motion for summary judgment that the claims of the '450 patent are invalid because they were broadened during reexamination raises the exact same issues addressed in Plaintiff ITT Manufacturing Enterprises Inc.'s, now Exelis Inc. ("plaintiff"), motion for summary judgment of no violation of 35 U.S.C. §305. (D.I. 492). Accordingly, plaintiff does not repeat the arguments found in that submission but incorporates those arguments herein by reference. Plaintiff submits this additional brief to respond to the errors contained within defendants' motion and to respond to arguments presented therein. Specifically, contrary to defendants' assertions, (1) the patent applicants did not act as their own lexicographers by defining a "Satellite Data Message block" as 900 bits in the '450 patent specification and (2) the patent applicants did not limit their claims to 900 bits to overcome the prior art cited during the prosecution of the original application.

Because this motion and plaintiff's related motion raise questions of claim construction, this issue is ripe for determination.

## III. STATEMENT OF FACTS

### A. Plaintiff's Statement of Material Facts

Plaintiff's statement of material facts relied upon herein is laid out in its Opening Brief in Support of Plaintiff ITT Manufacturing Enterprises, Inc.'s Motion for Summary Judgment of No Violation of 35 U.S.C. § 305 During Reexamination ("Plaintiff's Opening Brief"), and will not be repeated herein. (*See* D.I. 492 at 3-6).

B. **Plaintiff's Rebuttal of Defendants' Statement of Material Facts**

Plaintiff hereby generally objects to the Defendants' "Statement of Undisputed Facts" because much of that statement consists of subjective attorney argument disguised as alleged statements of fact.

"A. The GPS Navigation Message"[1]

Denied as to the suggestion that "A-GPS" permits position determination without position information obtained directly from multiple GPS satellites. Otherwise admitted. Though not believed to be relevant to the issue presented here, a GPS receiver must measure the distance between it and multiple GPS satellites by determining the amount of time necessary for the signal to travel from the satellite to the receiver. Assistance data can assist in the acquisition of the necessary GPS signals, and in the MS-Based mode of operation, the assistance message includes the orbital data of the in-view satellites (the so-called "ephemeris").

"B. The Prosecution History of the 'Satellite Data Message block' Claims"

Denied. The June 16, 1993 rejections based on Geier and Darnell were overcome by the October 15, 1993 response based on the <u>type</u> of data transmitted, not the <u>number</u> of bits of data transmitted. Plaintiff traversed the rejections based on the Geier reference by explaining that: 1) Geier relates to sea-based surveying, and is not suitable for use on roads, in forests, or in the "urban canyon" and 2) the tailbuoy receivers in Geier send GPS data in the form of raw pseudo-ranges, not "satellite message block data contain[ing] the ephemeris and time [models] of the GPS satellites." (D.I. 474, Ex. 2 ('450 Patent File History) at 61-62). Plaintiff traversed the rejections based on the Darnell reference by explaining that Darnell does not disclose 1) that the

---

[1] Quoted sections A-F correspond to the "Statement of Undisputed Facts" in Defendants' Brief. (D.I. 479 at 3-8).

base unit functions as the claimed "controller means," or 2) that "the base unit 18 transmits satellite message data to the remote unit receiver." (*Id.* at 10-11). The defendants' treatment of this aspect of the prosecution history and the argumentative conclusions they draw from that record demonstrate the lack of respect for this Court's December 29 *Markman* rulings that pervades their entire brief.

"C. The Relevant Terms of the Originally Issued Patent"

Admitted that the originally issued patent contained eleven claims. Denied that these eleven original claims use "Satellite Data Message" and "Satellite Data Message block" interchangeably. The "Satellite Data Message" is defined in the patent as the first three subframes of a broadcast signal (900 bits). (Exhibit A to D.I. 1, col. 3, ll. 54-56). The original claims do not define the "Satellite Data Message block" as being exactly 900 bits. (Exhibit A to D.I. 1, *see also* D.I. 453 at 16-17). "Satellite Data Message block" is also not explicitly defined in the patent. (Exhibit A to D.I. 1, *see also* D.I. 453 at 17.

Original claim 5 defined the content of the claimed satellite data message block as the "ephemeris and time [models] of the GPS satellites." (Exhibit A to D.I. 1, claim 5). The ephemeris and time model information comprises 420 bits of data within the GPS satellite broadcast messages. Original claim 1 specified more than one Satellite Data Message block ("blocks") for each in-view satellite, whereas original claim 5 specified one block containing ephemeris and time model information for multiple satellites ("in-view satellites"). (Exhibit A to D.I. 1). The first three subframes of any one GPS broadcast message contain more than the ephemeris and time model information specified by the language of claim 5 and no one GPS satellite data message block includes the ephemeris and time model information of any other satellite as required by original claim 5.

4

"D. The Samsung Litigation"

Denied that "Chief Judge Sleet construed 'Satellite Data Message' and 'Satellite Data Message block' in any claim other than original claims 1 and 2. (D.I. 492-1, Exhibit A). Denied that Plaintiff alone "settled the Samsung litigation" or "respectfully request[ed] that the Court vacate its [*Markman*] Order." The parties settled the earlier litigation, and as part of that settlement, the parties, not just Plaintiff, requested for the Court to vacate its *Markman* Order. (D.I. 492-1, Exhibit B). Otherwise admitted.

"E. ITT Puts the Patent into Reexamination"

Admitted. The Examiner affirmatively raised specific issues about the content of the "Satellite Data Message block" when he rejected Plaintiff's claims in view of the Counselman '005 reference. Plaintiff overcame those rejections by arguing that "Counselman does not disclose or suggest an earth-based source that receives ephemeris and time model information (or the satellite data message block) from a GPS satellite and supplies the ephemeris and time model information to a mobile GPS receiver (mobile radio station) via an independent wireless data channel (or earth based communication means)" and amending its claims to clarify the contents of the "Satellite Data Message block" – the ephemeris and time models which comprise less than 900 bits of the first three subframes of the GPS navigation message. (D.I. 492-2, Exhibit G & Exhibit H at 24-27).

"F. The Present Litigation"

Denied as argumentative and wrong to the extent that it suggests that this Court found the newly added claims to be decisive to its construction of the claimed "Satellite Data Message" and "Satellite Data Message block" or relied only on the amended or newly added claims to reach its conclusions as to the meaning of those claim phrases. (D.I. 453).

## IV. ARGUMENT

### A. Defendants' Motion Is A Covert And Untimely Motion For Reconsideration

The defendants argue that the claimed "Satellite Data Message block" as found in the original claims of the '450 patent is limited by arguments presented during the prosecution of the original application and by definitions found within the '450 patent specification. The problem, however, is two-fold. First, the term in original claim 1 was "Satellite Data Message blocks for each in-view satellite" (a plurality of blocks for each satellite) not "Satellite Data Message block" (one block), and the term used in original claim 5 was "satellite data message block containing the ephemeris and time modes of the GPS satellites" (i.e., one block containing ephemeris of multiple satellites). The word "block" was used in the original claims in its ordinary sense – a group of data – the same way it is used in the reexamined claims.

Second, the defendants *made these same arguments* in urging this Court to adopt their proposed construction of this term *and lost*. Specifically, this Court found:

> The Court also rejects Defendants' argument that inventors of the '450 patent acted as their own lexicographers by defining the term "Satellite Data Message block;" instead, they defined the term "Satellite Data Message."
>
> \* \* \*
>
> Having reviewed the cited portions of the prosecution history (D.I. 295 Ex. 4 at 7-8), the Court finds no express definition given for the disputed term which qualifies as a clear and unmistakable disclaimer of a broader meaning.

(D.I. 453, p. 22). Although the present arguments purport to be directed to the original claims of the '450 patent, a re-definition of a term in the patent specification or clear disavowal of claim scope during prosecution would serve to limit the scope of both original and reexamined claims. If the defendants were right, and the patent applicants disavowed a "Satellite Data Message block" that did not include all 900 bits of the first three subframes of the broadcast signal, or

6

defined that term in the patent specification as requiring all 900 bits, then both the original and the reexamined claims would be so limited. There is no basis in fact or law to suggest otherwise and defendants have not identified any. This Court did not so limit Plaintiff's claims. (D.I. 453).

The defendants' decision to simply re-argue these same points, the same way, violates the well-established principle that "[p]rior findings and the claim construction based thereon are the law of the case. They are not available for redetermination." *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1324 (Fed. Cir. 1987). The defendants plainly wanted a different construction for this term, but that desire provides no basis to file an untimely motion for reconsideration. Defendants' present motion should be denied because it does nothing more than re-argue the claim constructions defendants already lost. Here, however, the defendants seek an invalidity ruling rather than a claim construction. Instead of demonstrating that the claim amendments themselves broadened the claims, the defendants present arguments that would compel a narrow construction in both the original as well as the amended claims.

B. **The Word "Block" Has Meaning In Both Original And Reexamined Claims**

Just as they did in arguing for a narrow construction of the reexamined claims, the defendants ignore the importance of the word "block" as used in the claims. As this Court found on December 29, the phrase "Satellite Data Message" is defined within the '450 patent as the 900 bits of the first three subframes of the satellite broadcast message. D.I. 453, p. 17. The parties agreed that this was the case. The parties also agreed that the first three subframes of that broadcast included data bits that related to the satellite transmission protocols which do not relate to satellite orbit or position information. But that is where the agreement ended. Plaintiff has always asserted that the word "block" meant one or more groups of data within the message – in particular the satellite ephemeris. The defendants have always maintained that the word "block" is meaningless, that the "Satellite Data Message" and the "Satellite Data Message block" mean

7

the same thing – in both the original and the reexamined claims. That construction, however, violates the axiom of patent law that every word of a patent claim is to be given meaning. It also runs counter to this Court's December 29 Memorandum that gave meaning to that word.

As they did in arguing for a narrow construction of the reexamined claims, the defendants point to the '450 patent specification, primarily the passage that runs from column 2, line 55 to column 3, line 1. But this particular passage relates to the bottleneck experienced with the prior art approaches. The prior art receivers were required to read the entire 900 bit Satellite Data Message block in order to obtain the necessary satellite ephemeris and time models. In that case, the relevant "block" of data was the full 900 bits, and the specification made that point clear by noting that the relevant group of data, or block, was the "900 bit" block.

Those of skill in the art would nevertheless have understood that the needed data within that 900 bit block was the satellite ephemeris, and it was the ephemeris that was "needed" to determine position that could be supplied to the mobile receiver using Plaintiff's invention. Moreover, other aspects of the specification support plaintiff's position. Specifically, and as this Court pointed out in its December 29 holding, the language describing the "Present Invention" suggests that less than 900 bits is transmitted by the earth-based source to the mobile GPS receiver. (D.I. 453 at 20-21 (noting that at column 4, lines 10-15, the '450 patent describes the re-transmission of 7200 bits *or less* for eight satellites (*i.e.* something less than 900 bits of data for each satellite)). Critically, the only description of the preferred embodiment of the invention found in the '450 patent supports plaintiff's (and the Court's) construction. Specifically, the '450 specification provides:

> The first step in using the unit to determine the position via GPS would be for the controller to acquire the Satellite Data Messages for the in-view satellites. In one embodiment, this is provided by intercepting a broadcast signal such as the RDS in the FM radio band, or by calling a service center

8

> 40 and establishing a data link with a compatible modem. The *current ephemeris and time models* of the GPS satellite constellation stored in the GPS satellite almanac database 41 [the earth-based source] would then be provided to the unit via that data link – the cellular telephone system 42.

(Exhibit A to D.I. 1, col. 7, lines 5-16 (emphasis added)). In other words, the relevant portions of each satellite's transmission (the ephemeris) is stored within the earth-based source and forwarded to the mobile GPS receivers as required.

This is the only preferred embodiment described in the '450 patent specification, but it does not preclude the existence of a second embodiment in which the entire 900 bit Satellite Data Message is stored and forwarded. *See Liebel-Flarsheim Co. v. Mallinckrodt Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004) (legal error to limit the claims to the preferred embodiment). The defendants impermissibly propose a construction that would exclude the preferred embodiment described in the specification. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (it is "rarely, if ever, correct" to read a preferred embodiment out of the claims). By contrast, the construction adopted by this Court and the construction proposed by plaintiff cover both of these possible embodiments. In any event, the construction proposed by plaintiff fits the inventions found in the '450 patent specification, and the defendants simply ignore it in favor of the ambiguous language found in the '450 patent describing the problems with the prior art approaches. That ambiguous language, however, does not trump the actual claim language of either the reexamined or the original claims of the '450 patent.

Nor does the defendants' patent prosecution argument carry any greater weight the second time around. Defendants again argue that claim amendment made during the original prosecution precludes the any construction in which the claimed "Satellite Data Message block" created an estoppel that requires the full 900 bits of the first three subframes. Worse, defendants base that argument on the same 1993 claim amendments they relied on previously. (D.I. 479, p.

9

4). The claim amendments entered in 1993 were made to *distinguish the type of data transmitted* by the present invention (data that had been transmitted by a GPS satellite) from the data transmitted in the prior art references, Geier and Darnell. There was no effort to distinguish the amount of data being transmitted because neither prior art reference disclosed the re-transmission of *any portion* of the GPS broadcast message. Moreover, this Court looked at this very issue and this very argument and concluded that it could find "no express definition given for the disputed term which qualifies as a clear and unmistakable disclaimer of a broader meaning." (D.I. 453 at 22). The defendants' assertions are no more correct now, the second time they have been made, and they in no way bear on the question of whether the claim amendments made during the reexamination broadened the scope of the '450 patent.

## C. The Reexam Claim Amendments Did Not Enlarge Claim Scope

The central issue presented by defendants' present motion is whether the word "block" should be accorded any meaning. Critically, that word was used in the original claims of the '450 patent and this Court has already found that "[t]he original independent claims also support according 'block' meaning." (D.I. 453 at 18). Indeed, it would run counter to established rules of construction to ignore the difference between a "Satellite Data Message" and a "Satellite Data Message block."[2]

Defendants ask the Court to focus on the fact that several new dependent claims were added to the '450 patent during reexamination. By doing so, however, the defendants wrongly

---

[2] Ironically, as developed in plaintiff's own brief in support of its motion for summary judgment on this issue, (D.I. 492, pp.8-10), in many ways the language of original claims 1 and 5 present a better basis to argue the importance of the word "block" than the use of that term in the reexamined claims. Those claim amendments, though unhelpful to the claim construction argument, were made to clarify the antecedent basis of certain terms and to further distinguish the data transmitted by the invention from the data transmitted in the Counselman '005 patent.

10

suggest that it was the addition of these dependent claims that compelled this Court to construe the phrase "Satellite Data Message block" the way it did. Under the defendants' analysis, the Court would have construed that claim element differently in the absence of the new dependent claims. These arguments, however, are flatly contradicted by this Court's analysis.

While this Court did note that the addition of those dependent claims "*favor* distinguishing between 'Satellite Data Message' – which, again, is 900 bits – and 'Satellite Data Message block'" (D.I. 453 at 19 (emphasis added)), the addition of those claims did not control the Court's construction. Rather, by the Court's very language, those claims "favor" giving meaning to the word "block," they did not compel that result. Indeed, this Court's construction was based on the language of the independent claims themselves, which the Court spent pages analyzing, and their use of the word "block." (*Id.* at 17-18). The language found in these new claims provided additional support for the Court's construction. This Court spent only one paragraph out of the sixteen paragraph which address the construction of the phrase "Satellite Data Message block" addressing the dependent claims added during the reexamination process, and it began that paragraph with the word "also." (D.I. 453 at 19).

Contrary to the defendants' assertion, the absence of these dependent claims in the original set of claims does not compel a different construction. While it is true that the absence of those claims in the original claim set would deny the additional support for the construction this Court adopted for the reexamined claims, they were not the cornerstone of this Court's December 29 construction. This Court adopted a construction in which the word "block" must be given meaning rather than treating it as a simple irrelevancy. In reaching that conclusion, this Court noted that giving the word "block" meaning was in accord with the use of that term in, among other things, the original claims. (*Id.* at 18). The defendants' assertion that the addition

11

of these dependent claims during reexamination compelled this Court's construction of "Satellite Data Message block" is at odds with this Court's express analysis on the issue – the word "block" must be given meaning with or without the dependent claims added during reexamination.

## V. CONCLUSION

For all of the above reasons, as well as those provided in Plaintiff's Opening Brief in Support of its Motion for Summary Judgment of No Violation of 35 U.S.C. § 305 (D.I. 492), plaintiff respectfully asks this Court to deny Defendants' Motion for Partial Summary Judgment under 35 U.S.C. §305 because Plaintiff did not broaden the claims of the '450 patent during reexamination, nor did Plaintiff add new claims or amend the original claims for an improper purpose.

        Respectfully submitted,
        FOX ROTHSCHILD LLP

        /s/ Gregory B. Williams
        Gregory B. Williams (I.D. No. 4195)
        FOX ROTHSCHILD LLP
        Citizens Bank Center
        919 N. Market Street, Suite 1300
        Wilmington, DE 19899
        Tel: 302-622-4211
        and
        Of Counsel:

        James D. Berquist, Esq.
        J. Scott Davidson, Esq.
        Donald L. Jackson, Esq.
        Davidson Berquist Jackson & Gowdey, LLP
        4300 Wilson Blvd. 7th Flr.
        Arlington, VA
        Tel: (703) 894-6400
        Fax: (703) 894-6430

        Attorneys for Plaintiff
        ITT MANUFACTURING ENTERPRISES, INC.

Date: June 15, 2012

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of June, 2012, counsel for ITT Manufacturing Enterprises, Inc. served copies of the foregoing on the following counsel of record:

*Counsel for Cellco Partnership (d/b/a Verizon Wireless):*

| | |
|---|---|
| John G. Day | Gregory F. Corbett |
| Tiffany Geyer Lydon | Edward C. Donovan |
| Caroline Hong | KIRKLAND & ELLIS LLP |
| ASHBY & GEDDES | 655 15th St., NW |
| 500 Delaware Ave., 8th Floor | Washington, DC 20005 |
| Wilmington, DE 19899 | |

*Counsel for Qualcomm, Inc.:*

| | |
|---|---|
| Richard L. Horowitz | Keith R. Hummel |
| David E. Moore | Roger G. Brooks |
| D. Fon Muttamara-Walker | Teena-Ann V. Sankoorikal |
| POTTER ANDERSON & CORROON, LLP | CRAVATH SWAINE & MOORE LLP |
| 1313 Market St., 6th Floor | Worldwide Plaza |
| Wilmington, DE 19899-0951 | 825 Eighth Ave. |
| | New York, NY 10019-7475 |

*Counsel for Kyocera International, Inc., Kyocera Wireless Corp., and Kyocera Communications, Inc. (f/k/a Kyocera Sanyo Telecom Inc.):*

| | |
|---|---|
| Paul E. Crawford | DeAnna D. Allen |
| CONNOLY BOVE LODGE & HUTZ LLP | Jeffrey K. Sherwood |
| 1007 N. Orange St. | Matthew B. Weinstein |
| P.O. Box 2207 | DICKSTEIN SHAPIRO LLP |
| Wilmington, DE 19899 | 1825 Eye St., NW |
| | Washington, DC 20006 |

2

*Counsel for LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc.:*

Paul E. Crawford
CONNOLY BOVE LODGE & HUTZ LLP
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899

DeAnna D. Allen
Jeffrey K. Sherwood
Matthew B. Weinstein
DICKSTEIN SHAPIRO LLP
1825 Eye St., NW
Washington, DC 20006

/s/ Gregory B. Williams
Gregory B. Williams (I.D. No. 4195)