IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG MOBILECOMM U.S.A., INC., MOTOROLA, INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA COMMUNICATIONS, INC. (f/k/a KYOCERA SANYO TELECOM, INC.), QUALCOMM INC., NOKIA CORPORATION, and NOKIA, INC., <br><br> *Defendants.* | Civil Action No. 09-190-LPS <br><br> JURY TRIAL DEMANDED |

**ITT'S SUR-REPLY TO LG AND KYOCERA'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS ON COUNTS 30, 32, AND 33 OF ITT'S COMPLAINT**

LGE and Kyocera argue that (1) they are not liable for direct infringement of the '450

patent because they do not operate a cellular network; and (2) they are not liable for direct or

indirect infringement for supplying phones used on the Sprint cellular network.  (D.I. 156).

In support of the first point, Defendants rely on *MuniAuction, Inc. v. Thomson Corp.*, 532

F.3d 1318, 1329 (Fed. Cir. 2008) and *Centillion Data Sys., LLC v. Qwest Communs. Int'l, Inc.*,

2009 U.S. Dist. LEXIS 130203, \*39 (S.D. Ind. Oct. 29, 2009).  Since the Defendants' Reply

motion was filed, the non-infringement finding in the *Centillion* case has been reversed by the

Federal Circuit.  *See Centillion Data Sys., LLC v. Qwest Communs. Int'l*, 631 F.3d 1279 (Fed.

Cir. 2011).  The court held that "use" under 35 U.S.C. § 271(a) means that "a party must put the

invention into service, *i.e.*, control the system as a whole and obtain benefit from it." *Id.* at 1284. The Court stated that direct infringement by use of a claimed system only requires a party to use every element of a claimed system and that no physical control over those elements is needed. *Id.* (emphasis added). The court also held that Qwest customers directly infringed when they interacted with the Qwest system causing the Qwest system to provide data "on demand." *Id.* at 1285. Thus, rather than supporting Kyocera and LG, this directly analogous case is fatal to their arguments as to the non-method claims of the '450 patent.

The analysis as to the method claims is more complex. The *MuniAuction* decision is distinguishable. First, it does not apply to non-method claims. *Soverain Software LLC v. Newegg Inc.*, 836 F.Supp. 2d 462, 471-72 (E.D. Tex. 2010). In addition, in *MuniAuction*, the claimed method required the participation of more than one person, a bidder and a seller. The crux of the *MuniAuction* holding is that under such circumstances the accused infringer did not perform every step of the claimed method nor had another party performed steps *on its behalf. Id.* at 1330. The bidder and seller there were obviously not agents of one another or otherwise in privity. Here, however, the LG and Kyocera phones are specially adapted to support the patented MS-Based mode of operation utilized by Verizon, Sprint and others, in concert with one another. The cellular networks support only the phone of their subscribers. The method claims at issue in this action are drawn to actions which can be performed, and are performed, by a single party. The Federal Circuit recently affirmed a finding of infringement of remarkably similar method claims. *See SiRF Tech., Inc. v. E-Ten Corp.*, 601 F.3d 1319, 1329 (Fed. Cir. 2010).

The evidence produced so far in this case clearly shows that both Defendants have used their phones to test the location based services their phones provide. *See* Exh. 1, p. 35:7-25, p. 36:1-25, Exhibit 2, 27:5-29:12, and Exhibit 3, 28:21-31:4. LGE and Kyocera never denied testing

their phones in their reply brief; they only argued that they did not control the networks during

testing. *See* D.E. 200, pp. 3-4. As stated above, that argument fails under the Federal Circuit's

holding in *Centillion*. Furthermore, commercial testing does not fall into the experimental use or

*de minimis* infringement exceptions. *Embrex, Inc. v. Serv. Eng'g Corp.*, 216 F.3d 1343, 1349

(Fed. Cir. 2000). By accessing these services, both Defendants have used every element of the

system claimed in the '450 patent and are direct infringers. Moreover, LGE's and Kyocera's

customers are also direct infringers, thereby making LGE and Kyocera indirect infringers as

contributing to the infringement and/or inducing infringement.

The Defendants also argue that their use of the Sprint network is authorized because of

ITT's settlement agreement with Sprint under the holding in *Quanta Computer, Inc. v. LG*

*Electronics, Inc.*, 170 L.Ed.2d 996, 128 S. Ct. 2109 (2008). The settlement agreement here,

however, did not grant an unrestricted license, and it did not grant Sprint the ability to license

phone manufacturers. *See* D.E. 108 and 109 at p. 6, ¶83, and D.E. 197, unredacted. Since the

Defendants are not licensed under the agreement, *Quantas* does not apply. *See Monsanto Co. v.*

*Scruggs*, 2009 U.S. Dist. LEXIS 20829, 4-5 (N.D. Miss. 2009) (finding giving effect to express

limitation placed on license), attached as Exhibit 4.

Respectfully submitted,

/s/ Gregory B. Williams
Gregory B. Williams (I.D. No. 4195)
FOX ROTHSCHILD LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19899
Tel: 302-622-4211

and

Of Counsel:
James D. Berquist, Esq.
J. Scott Davidson, Esq.
Donald L. Jackson, Esq.
DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP
4300 Wilson Blvd. 7th Flr.
Arlington, VA
Tel: (703) 894-6400
Fax: (703) 894-6430

*Attorneys for Plaintiff*
ITT MANUFACTURING ENTERPRISES, INC.

Date:  September 14, 2012