# EXHIBIT 4


### LexisNexis®

⚠
Caution
As of: Sep 14, 2012

**MONSANTO COMPANY, PLAINTIFF/COUNTER-DEFENDANT versus MITCHELL SCRUGGS; EDDIE SCRUGGS; SCRUGGS FARM & SUPPLIES, LLC; SCRUGGS FARM JOINT VENTURE; HES FARMS, INC.; MES FARMS, INC.; AND MHS FARMS, INC., DEFENDANTS/COUNTER-CLAIMANTS**

**CIVIL ACTION NO. 3:00CV-161-P-D**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI, WESTERN DIVISION**

*2009 U.S. Dist. LEXIS 20829*

**March 3, 2009, Decided**
**March 3, 2009, Filed**

**SUBSEQUENT HISTORY:** Petition denied by *Monsanto Co. v. Scruggs, 2009 U.S. App. LEXIS 11700 (Fed. Cir., May 4, 2009)*

**PRIOR HISTORY:** *Monsanto Co. v. Scruggs, 342 F. Supp. 2d 584, 2004 U.S. Dist. LEXIS 26650 (N.D. Miss., 2004)*

**COUNSEL:** [*1] For Monsanto Company, Plaintiff: Adam E. Miller, Dutro E. Campbell, Erik L. Hansell, Glennon P. Fogarty, Joseph C. Orlet, Matthew R. Grant, Matthew T. Schelp, Michele L. Taylor, S. Christian Mullgardt, II, LEAD ATTORNEYS, HUSCH & EPPENBERGER, LLC, St. Louis, MO; Brad Best, Michael Noel Watts, LEAD ATTORNEYS, HOLCOMB DUNBAR, Oxford, MS; Charles Victor McTeer, LEAD ATTORNEY, MCTEER & ASSOCIATES, Greenville, MS; Frank S. Thackston, Jr., LEAD ATTORNEY, LAKE TINDALL, LLP, Greenville, MS; Jonathan I. Gleklen, Kenneth A. Letzler, Michael D. Yeh, LEAD ATTORNEYS, ARNOLD & PORTER, Washington DC; Kimberly Jones Merchant, LEAD ATTORNEY, DISTRICT ATTORNEY'S OFFICE - FOURTH CIRCUIT, Greenville, MS; Susan K. Knoll, LEAD ATTORNEY, HOWRY LLP, Houston, TX; Edward Blackmon, Jr, BLACKMON & BLACKMON, Canton, MS.

For Mitchell Scruggs, Eddie Scruggs, Scruggs Farm Supply, Defendants: Dennis C. Sweet, III, LEAD ATTORNEY, SWEET & FREESE, Jackson, MS; Gary Myers, LEAD ATTORNEY, GARY MYERS, ATTORNEY, Oxford, MS; James L. Robertson, LEAD ATTORNEY, WISE, CARTER, CHILD & CARAWAY, Jackson, MS; Jim D. Waide, III, LEAD ATTORNEY, WAIDE & ASSOCIATES, PA, Tupelo, MS; Lisa Scruggs Rohman, LEAD ATTORNEY, LISA SCRUGGS ROHMAN, [*2] ATTORNEY, Tupelo, MS.

For Mitchell Scruggs, Eddie Scruggs, Scruggs Farm Supply, Counter Claimants: Jim D. Waide, III, LEAD

ATTORNEY, WAIDE & ASSOCIATES, PA, Tupelo, MS; Lisa Scruggs Rohman, LEAD ATTORNEY, LISA SCRUGGS ROHMAN, ATTORNEY, Tupelo, MS; Gary Myers, GARY MYERS, ATTORNEY, Oxford, MS.

For Monsanto Company, Counter Defendant: Brad Best, Michael Noel Watts, LEAD ATTORNEYS, HOLCOMB DUNBAR, Oxford, MS; Glennon P. Fogarty, Joseph C. Orlet, LEAD ATTORNEYS, Matthew T. Schelp, HUSCH & EPPENBERGER, LLC, St. Louis, MO, Michael D. Yeh, ARNOLD & PORTER, Washington, DC.

For Mitchell Scruggs, Eddie Scruggs, Scruggs Farm Supply, Counter Claimants: Gary Myers, LEAD ATTORNEY, GARY MYERS, ATTORNEY, Oxford, MS; Jim D. Waide, III, LEAD ATTORNEY, WAIDE & ASSOCIATES, PA, Tupelo, MS; Lisa Scruggs Rohman, LEAD ATTORNEY, LISA SCRUGGS ROHMAN, ATTORNEY, Tupelo, MS.

For MES, Incorporated, HES, Incorporated, MHS, Incorporated, Defendants: James L. Robertson, WISE, CARTER, CHILD & CARAWAY, Jackson, MS.

For Mitchell Scruggs, Eddie Scruggs, Scruggs Farm Supply, Counter Claimants: Gary Myers, LEAD ATTORNEY, GARY MYERS, ATTORNEY, Oxford, MS; James L. Robertson, WISE, CARTER, CHILD & CARAWAY, Jackson, MS; Jim D. [*3] Waide, III, LEAD ATTORNEY, WAIDE & ASSOCIATES, PA, Tupelo, MS; Lisa Scruggs Rohman, LEAD ATTORNEY, LISA SCRUGGS ROHMAN, ATTORNEY, Tupelo, MS.

For Monsanto Company, Counter Defendant: Brad Best, Michael Noel Watts, LEAD ATTORNEYS, HOLCOMB DUNBAR, Oxford, MS; Dutro E. Campbell, Erik L. Hansell, Glennon P. Fogarty, Joseph C. Orlet, Matthew R. Grant, Matthew T. Schelp, Michele L. Taylor, S. Christian Mullgardt, II, LEAD ATTORNEYS, HUSCH & EPPENBERGER, LLC, St. Louis, MO; Michael D. Yeh, ARNOLD & PORTER, Washington, DC.

**JUDGES:** W. ALLEN PEPPER, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** W. ALLEN PEPPER, JR.

**OPINION**

*ORDER*

This cause is before the Court on the defendants' Motion to Reconsider Denial of Summary Judgment [678]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendants seek reconsideration of this Court's July 6, 2004 Order denying Scruggs' Motion for Summary Judgment in light of the United States Supreme Court's June 9, 2008 decision in *Quanta Computer, Inc. v. LG Electronics, Inc., 170 L.Ed.2d 996, 128 S. Ct. 2109 (2008)*. Defendants urge that the Court's opinion on the issue [*4] of patent exhaustion represents a subsequent contrary decision by controlling authority which necessarily excuses the application of the law of the case doctrine and warrants a reexamination of certain issues presented in Scruggs' dispositive motion.

After careful reading of the Supreme Court's opinion, the Court concludes that defendants read *Quanta* too broadly. Insofar as its relevance to the instant case is concerned, *Quanta* stands only for the unremarkable (and long established) proposition that "[t]he authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control postsale use of the article." *Id.* at Intel's sale of product lines incorporating LG's patented technology and Quanta's incorporation of the chipsets into non-Intel products was noninfringing because the license to sell granted Intel by LG was without limitation, e.g., it was an authorized sale.

By contrast, the license agreements between Monsanto and its seed partners, Asgrow and D&PL, only permit the sale of seed containing Monsanto's patented biotechnology to *licensed* growers. It is an established fact that Scruggs [*5] did not have a license. Hence, his purchase of the seed was unauthorized.

Furthermore, the *Quanta* decision in no way undermines the basis for the Federal Circuit's holding on the issue of patent exhaustion. The Federal Circuit expressly noted:

> The doctrine of patent exhaustion is inapplicable in this case. There was no unrestricted sale because the use of the seeds by seed growers was conditioned on

obtaining a license from Monsanto. Furthermore, the "'first sale' doctrine of exhaustion of the patent right is not implicated, as the new seeds grown from the original batch had never been sold." *Monsanto v. McFarling, 302 F.3d 1291, 1299 (Fed.Cir.2002)*. Without the actual sale of the second generation seed to Scruggs, there can be no patent exhaustion. The fact that a patented technology can replicate itself does not give a purchaser the right to use replicated copies of the technology. Applying the first sale doctrine to subsequent generations of self-replicating technology would eviscerate the rights of the patent holder.

*Monsanto Co. v. Scruggs, 459 F.3d 1328, 1336 (Fed. Cir. 2006)*. Based on the foregoing, the Court concludes that the defendant's Motion to Reconsider is not well-taken [*6] and should be denied.

However, the Court is fully cognizant of the wealth of persuasive authority which posits the opposite conclusion, e.g. that *Quanta's* holding on the doctrine of patent exhaustion is a substantial limitation on the rights of patent holders. In view thereof, the Court is of that opinion that this matter "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Defendants are, therefore, entitled to seek an interlocutory appeal of this ruling within ten (10) days of the entry of this Order in accordance with the provisions of *28 U.S.C. § 1292(b)*.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion to Reconsider Denial of Summary Judgment [678] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 3rd day of March, 2009.

/s/ W. Allen Pepper, Jr.

W. ALLEN PEPPER, JR.

UNITED STATES DISTRICT JUDGE