IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITT MANUFACTURING ENTERPRISES, INC., (a Delaware corporation),<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA COMMUNICATIONS, INC., QUALCOMM INC.,<br><br>Defendants. | C.A. No. 09-190-LPS<br><br>**JURY TRIAL DEMANDED**<br><br>**Redacted**<br><br>**Public Version** |

**LGE AND KYOCERA'S SUR-SUR-REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON COUNTS 30, 32, AND 33 OF ITT'S COMPLAINT**

Pursuant to this Court's Order (D.I. 544), LGE and Kyocera submit this Sur-Sur-Reply to address ITT's Sur-Reply (D.I. 548) and to update the Court on changes in the law since this motion was briefed. This motion addresses two issues: (1) whether ITT's claims of direct and indirect infringement should be dismissed to the extent those claims involve the use of the Sprint network, and (2) whether ITT's claims of direct infringement by LGE and Kyocera should be dismissed because neither LGE nor Kyocera operate a cellular network.

**I.     ITT's Claims for Direct and Indirect Infringement Regarding the Sprint Network Should Be Dismissed Because Those Claims are Barred by Exhaustion.**

ITT asserts that ITT's settlement agreement with Sprint (the "Sprint Agreement," D.I. 197, Ex. 2 (filed under seal)), does not exhaust its rights with respect to the Sprint network. But

ITT's analysis is directly contrary to the Supreme Court's teachings in *Quanta* by ignoring the rights that *were granted* to Sprint — which lead to the exhaustion of ITT's claims with respect to the Sprint Network — and instead wrongly focusing on what rights *were not granted*, such as an explicit or implied license to handset manufacturers. In *Quanta*, the license agreement in question "specifically disclaimed any license to third parties to practice the patents by combining licensed products with other components." *Quanta Computer, Inc. v. LG Elecs.*, 128 S. Ct. 2109, 2122 (2008). Yet, when those third parties were accused of infringement for combining the licensed products with other products to form the accused system, the Supreme Court found that restriction to be "*irrelevant* because Quanta asserts its right to practice the patents based not on implied license but on exhaustion. And exhaustion turns only on Intel's own license. . . ." *Id.* (emphasis added); *see also Transcore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) ("As the Supreme Court explained in *Quanta*, however, the parties' intent with respect to downstream customers is of no moment in a patent exhaustion analysis."). Stated differently, the relevant question is whether Sprint's provision of the accused Assisted GPS network is authorized by ITT, not whether the handset manufacturers received a license from ITT via the Sprint Agreement or whether ITT intended to grant such a license.

ITT has argued that Sprint's license is not "unrestricted," such that exhaustion does not apply. But the kinds of "restrictions" relevant to the exhaustion analysis are those that would make the licensee's activities unauthorized, such as those that condition the license on sales only being made to other licensees. [REDACTED]

▮▮▮▮ And because infringement of every asserted claim can only occur when both the handset and the network are used in combination, ITT's rights regarding that use are exhausted.[2] There can therefore be no direct infringement for such use, and no indirect infringement by the handset manufacturer. The lack of an explicit or implied license to the handset manufacturer is irrelevant.

▮▮▮▮

▮▮▮▮

▮▮▮▮ The logic behind the Sprint Agreement's structure is not the issue though. ▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

ITT also cites a 2009 *Monsanto* district court decision (D.I. 548, Ex. 4, 2009 U.S. Dist. LEXIS 20829), but this opinion actually supports LGE and Kyocera's position here. In *Monsanto*, the district court refused to reconsider its finding of no exhaustion where "the license agreements between Monsanto and its seed partners, Asgrown and L&PL, only permit the sale of seed containing Monsanto's patented biotechnology to *licensed* growers. It is an established fact that Scruggs did not have a license. Hence, his purchase of the seed was unauthorized." *Id.* at *4-5. ▮▮▮▮

▮▮▮▮

▮▮▮▮

---

[2] In its Opposition, ITT argued that LGE and Kyocera are not "downstream" of Sprint, and therefore exhaustion does not apply. However, every asserted claim requires both a handset and the network to be used in combination, and there can be no dispute that all users of the Sprint network are "downstream" from Sprint as the network service provider.

including LGE or Kyocera handsets, thereby exhausting and any rights with respect to that use.

The doctrine of exhaustion prevents double recovery by the patentee. *See generally Quanta*, 128 S. Ct. at 2115. Here, ███████████████████████████████████████ ██████████████████████████████ This is precisely the conduct that the exhaustion doctrine is intended to prevent, and this Court should not permit it here.

## II. ITT's Direct Infringement Claims Against LGE and Kyocera Should be Dismissed.

### A. ITT's Claims of Direct Infringement of the System Claims of the '450 Patent Should Be Dismissed.

Since the filing of LGE and Kyocera's Reply (D.I. 200), the Federal Circuit reversed the *Centillion* district court finding of no direct infringement. *Centillion Data Sys., LLC v. Qwest Communs. Int'l*, 631 F.3d 1279 (Fed. Cir. 2011). For system claims, the Federal Circuit held that for direct infringement by "use" of a system, "a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." *Id.* at 1284. LGE and Kyocera assert that *Centillion* was wrongly decided, in that infringement by a system that is physically controlled by multiple actors would be more appropriately considered under vicarious liability theories. *See MuniAuction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1328-29 (Fed. Cir. 2008) (describing vicarious liability standard for patent infringement); *see also Akamai Techs., Inc. v. Limelight Networks, Inc.*, No. 2009-1372, 2012 WL 3764695, at *2 (Fed. Cir. Aug. 31, 2012) (in process claim context, expressing concern over "extending liability in that manner would ensnare actors who did not themselves commit all the acts necessary to constitute infringement and who had no way of knowing that others were acting in a way that rendered their collective conduct infringing").

### B. Under Controlling Precedent, ITT's Claims of Direct Infringement of the Method Claims of the '450 Patent Must Be Dismissed.

Direct infringement of a method claim requires that the accused infringer perform each of

the claimed method steps. *MuniAuction*, 532 F.3d at 1329. Where the actions of multiple parties combine to perform every step of a claimed method, a party can only be liable for direct infringement if it exercises "control or direction" over the entire process such that every step is attributable to that controlling party. *Id.* "Mere 'arms-length cooperation' will not give rise to direct infringement by any party." *Id.* The recent decision in the *Akamai* case did not change the law in this regard. *Akamai*, 2012 WL 3764695, at *2-3. Indeed, even controlling access to the system for performing the method and instructing users how to use it have been found to be insufficient to support a finding of vicarious liability. *MuniAuction*, 532 F.3d at 1330.

ITT's submission of deposition testimony of LGE and Kyocera is neither appropriate for a motion for judgment on the pleadings, nor is it helpful to ITT's arguments even if it were to be considered. The deposition testimony describes LGE and Kyocera's testing of their handsets, but does nothing to suggest that the network-side steps of the asserted method claims are performed by LGE or Kyocera as required for direct infringement under *MuniAction*. Moreover, the testimony does nothing to suggest that LGE or Kyocera exercise "control or direction" over any network provider. For these reasons, under *MuniAuction*, ITT's pleading of direct infringement of the method claims of the reexamined '450 patent should be dismissed.

ITT failed to plead that LGE or Kyocera perform the network-side steps of the method claims,[3] and also failed to plead that LGE or Kyocera had "control or direction" of the network-side elements. Rightly so, as neither LGE nor Kyocera operate a network or have any such "control or direction" over any network provider.[4] For these reasons, ITT's claims of direct infringement of the method claims should therefore be dismissed.

---

[3] For example, claim 9 recites "providing the data from the Satellite Data Messages transmitted by the in-view GPS satellites to the receiver via a non-GPS earth-based source . . . ."

[4] In fact, ITT's Exhibit 2 shows that LG does not operate a network in the United States. D.I. 548, Ex. 2 at 28.

<div style="display: flex; justify-content: space-between;">

Dated:  September 20, 2012

CONNOLLY BOVE LODGE & HUTZ LLP

</div>

/s/ Paul E. Crawford

Paul E. Crawford (No. 0493)
The Nemours Building
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
pcrawford@cblh.com

*Attorneys for LG Electronics, Inc.,
LG Electronics U.S.A., Inc., and
LG Electronics MobileComm U.S.A., Inc.
and Kyocera Corporation*

OF COUNSEL:

Katie J.L. Scott
DICKSTEIN SHAPIRO LLP
700 Hansen Way
Palo Alto, CA 94304-1016
Tel: (650) 690-9561
ScottK@dicksteinshapiro.com

Jeffrey K. Sherwood
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
sherwoodj@dicksteinshaprio.com

5012239

## CERTIFICATE OF SERVICE

I, Paul E. Crawford, hereby certify that on the 20th day of September, 2012, a true copy of the foregoing document was served upon the following via electronic mail.

Gregory Brian Williams
FOX ROTHSCHILD LLP
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
gwilliams@foxrothschild.com
*Attorneys for Plaintiff*
*ITT Manufacturing Enterprises, Inc.*

John G. Day
Tiffany Geyer Lydon
Caroline Hong
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

Gregory F. Corbett
WOLF GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
gcorbett@wolfgreenfield.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

Keith R. Hummel
Roger G. Brooks
Teena-Ann V. Sankoorikal
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Ave.
New York, NY 10019-7475
rgbrooks@cravath.com
khummel@cravath.comel
tsankoorikal@cravath.com
*Attorneys for Defendant Qualcomm Inc.*

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY LLP
4300 Wilson Boulevard, Suite 700
Arlington, VA 22203
jberquist@dbjg.com
sdavidson@dbjg.com
djackson@dbjg.com
*Attorneys for Plaintiff*
*ITT Manufacturing Enterprises, Inc.*

Edward C. Donovan
Christopher R. Nalevanko
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005
edward.donovan@kirkland.com
christopher.nalevanko@kirkland.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant Qualcomm Inc.*

By: */s/ Paul E. Crawford*
Paul E. Crawford (No. 493)