

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
**www.potteranderson.com**

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

October 1, 2012

**Via Electronic Filing**

The Honorable Judge Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3556

      Re:   *Exelis Inc. v. Cellco Partnership et al.*, C.A. No. 09-190-LPS

Dear Judge Stark:

      As requested by the Court during the September 28 hearing, Defendants respectfully submit this letter brief to request leave to take a trial deposition of a key non-party witness, Daniel Colker, who resides in California.  Given that trial is less than two months away, and the importance of this issue to Defendants, Defendants appreciate Your Honor's invitation promptly to submit letter briefs on this issue.

      Defendants have good cause to take this deposition.  Mr. Colker, who has knowledge of a key prior art system but is entirely unaffiliated with either party, had previously stated that he would voluntarily attend trial.  Mr. Colker recently informed Defendants that, in fact, he would not attend unless he is compensated for his time at a rate of $100 per hour.  Such compensation, in Defendants' view, is reasonable and could be provided under the ethics rules with Exelis's agreement.  But Exelis has refused.  This leaves a trial deposition as the only option to preserve Mr. Colker's important testimony.  Defendants have been diligent throughout discovery.  This issue arises not for lack of diligence, but due to recent circumstances out of Defendants' control.  Defendants propose a short, two-hour trial deposition of limited scope.  Or, if Exelis will reconsider Defendants' proposal to compensate Mr. Colker, that would obviate the need for such a deposition.

### Statement of Facts

      Mr. Colker is a retired engineer who resides in California, outside the subpoena power of the Court.  He was the lead project engineer for a key prior art system, known as SAWE-RF, developed by the United States Department of Defense.  Defendants obtained records from the United States Department of Defense during discovery in this action documenting the manufacture and sale of units of the SAWE-RF system in February 1992, prior to the alleged inventions of the '450 Patent.  Defendants therefore contend that the SAWE-RF system is prior art to the '450 Patent, at least under 35 U.S.C. § 102(g)(2).  Upon learning that Mr. Colker

possessed relevant knowledge concerning the SAWE-RF system, Qualcomm promptly disclosed Mr. Colker as a person with knowledge of the SAWE-RF prior art system on August 11, 2010 (almost a month prior to the close of discovery on September 10, 2010). (Qualcomm's Fifth Supplemental Disclosure Pursuant to Rule 26(e), served Aug. 11, 2011, at 3.)

On March 22, 2012, well after fact discovery closed, Exelis's technical expert adopted a strained and illogical interpretation of the SAWE-RF system. For example, despite the Department of Defense documents showing to the contrary, Exelis's technical expert opined that the SAWE-RF units were not built before the 1992 filing of the relevant patent application. (June 7, 2012, Decl. of Marc J. Khadpe (D.I. 490) Ex. 13, Expert Rep. of Stephen B. Heppe, D.Sc. Regarding Validity of U.S. Patent No. 5,365,450 (Mar. 22, 2012) at 14-21 ("[T]he physical system appears to have been incomplete and not ready for use in February 1992.").) Given Mr. Colker's responsibilities for the delivery of functional SAWE-RF units, he is the witness best positioned to confirm the accuracy of the documentary evidence demonstrating prior invention. Thus, in order to effectively rebut the unfounded criticisms of Exelis's expert, Defendants seek to rely on testimony from Mr. Colker.

Throughout discovery, Defendants understood that Mr. Colker would appear voluntarily for trial if he was compensated for travel expense. On September 7, however, Mr. Colker informed Defendants for the first time that he would not appear at the scheduled trial unless he is also compensated for his time. Mr. Colker requested hourly compensation of $100, which is in line with his hourly compensation for his prior consulting work. Mr. Colker is a non-party with no interest in this matter. Understandably, traveling from California to Delaware to appear at trial during the holiday season is not a priority for him.

Given these new circumstances, Defendants' preferred approach would be to compensate Mr. Colker for his time at the modest rate he has requested. That would give the jury the benefit of Mr. Colker's live testimony, subject to Exelis's cross-examination (including on the subject of his compensation). Defendants interpret the ethics rules, however, to caution against such compensation absent agreement from Exelis, given that Mr. Colker is retired (and would therefore not be foregoing other employment opportunity by testifying). *See* Del. St. Bar Assoc. Comm. on Prof'l Ethics Op. 2003-3 at 10 (Aug. 14, 2003) (finding that a retired witness who is not employed and has not demonstrated lost economic opportunity should not be compensated because no measure was shown for reasonable compensation). As we informed Your Honor during Friday's hearing, Exelis would not agree to this arrangement. Exelis also would not agree, in the alternative, to a short trial deposition.

## Argument

Where a party seeks to take a deposition beyond the close of discovery, analysis proceeds under a "good cause" standard. *See* Fed. R. Civ. P. 16(b)(4). The touchstone for good cause is diligence. *See Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2010) ("[T]he good cause standard . . . hinges on diligence of the movant and not on prejudice to the non-moving party."). A witness's location outside the subpoena power of the court is a basis to find good cause to conduct trial depositions. *Cf. In re Intel Corp. Microprocessor Antitrust Lit.*, C.A. Nos. 05-441-JJF, 05-485-JJF, 2008 WL 5377979, at *4 (D. Del. Dec. 18, 2008) (adopting Special Master's Report and Recommendation finding good cause to extend beyond one day depositions that would also "preserv[e] trial testimony", in part because witnesses would likely

be beyond Court's subpoena power); *cf. also E.E.O.C. v. Beauty Enters., Inc.*, No. 3:01CV378, 2008 WL 3892203, at *2-3 (D. Conn. July 9, 2008) (finding good cause for trial deposition of witness after the close of discovery where witness was beyond court's subpoena power); *Burket v. Hyman Lippitt, P.C.*, No. 05-72110, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008) (same).

Good cause exists to allow a trial deposition of Mr. Colker at this time for at least two reasons:

*First*, Defendants have diligently complied with discovery in all regards. Defendants took a full roster of fact depositions, which were properly noticed and conducted pursuant to the Court's schedule. During discovery, it would have been illogical and inefficient for Defendants to depose Mr. Colker, since Mr. Colker informed Defendants' counsel in 2010 that he was willing to appear at trial voluntarily if his testimony became necessary. *See Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001) (permitting trial depositions of unavailable friendly witnesses outside the discovery period, and noting that "attorneys normally do not depose their own witnesses, or 'friendly' witnesses, for purposes of discovery"). The necessity to preserve Mr. Colker's testimony did not arise until well *after* fact discovery, due to the previously described circumstances, which were out of Defendants' control, as well as Exelis's expert's unexpected position regarding the dates of manufacture and sale of the SAWE-RF units.

*Second*, Defendants promptly and diligently sought this trial deposition when they learned of its need. Defendants first learned of Mr. Colker's request for compensation for his time on September 7. Defendants cannot subpoena Mr. Colker to appear at trial because he resides in California. After learning that Mr. Colker would not appear voluntarily at trial without reasonable compensation, Defendants promptly engaged Exelis and the Court concerning ways to obtain Mr. Colker's testimony. Defendants recognize that trial is set for November 26. To avoid prejudice to Exelis, Defendants would be amenable to taking this deposition as soon as possible, with just under two months remaining before trial.[1]

\* \* \*

Defendants respectfully request that the Court grant leave to take the deposition of non-party Daniel Colker to preserve his trial testimony, the direct examination to extend for no more than two hours.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH/cet
cc: Clerk of the Court
    Counsel of Record (by CM/ECF)
1077324/34172

---

[1] Given the anticipated narrow scope of Mr. Colker's trial testimony, any such deposition will be brief. If Exelis is concerned about cost, it can appear by telephone or videoconference.

3