IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EXELIS INC.,

                       Plaintiff,

            v.                          C.A. No. 09-190-LPS
                                        **FILED UNDER SEAL**

CELLCO PARTNERSHIP (d/b/a Verizon
Wireless), LG ELECTRONICS, INC., LG
ELECTRONICS USA, INC., and LG
ELECTRONICS MOBILECOMM U.S.A., INC.,
KYOCERA CORPORATION, KYOCERA
INTERNATIONAL, INC., KYOCERA
WIRELESS CORP., and KYOCERA
COMMUNICATIONS, INC., and
QUALCOMM INC.,

                       Defendants.

---

Gregory B. Williams, Esq., FOX ROTHSCHILD LLP, Wilmington, DE.
James D. Berquist, Esq., J. Scott Davidson, Esq., Donald L. Jackson, Esq., DAVIDSON
BERQUIST JACKSON & GOWDEY, LLP, Arlington, VA.

    Attorneys for Plaintiff Exelis Inc.

Paul E. Crawford, Esq., CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, DE.
Jeffrey K. Sherwood, Esq., DICKSTEIN SHAPIRO LLP, Washington, DC.
Katie J.L. Scott, Esq., DICKSTEIN SHAPIRO LLP, Palo Alto, CA.

    Attorneys for Defendants LG Electronics, Inc., LG Electronics USA., Inc., and LG
    Electronics MobileComm USA., Inc.; and Kyocera Corporation, Kyocera International,
    Inc., Kyocera Wireless Corp., and Kyocera Communications.

John G. Day, Esq., Tiffany Geyer Lydon, Esq., Caroline Hong, Esq., ASHBY & GEDDES,
Wilmington, DE.
Edward C. Donovan, Esq., Christopher R. Nalevanko, Esq., KIRKLAND & ELLIS LLP,
Washington, DC.
Gregory F. Corbett, Esq., WOLF GREENFIELD & SACKS, P.C., Boston, MA

    Attorneys for Defendant Cellco Partnership (d/b/a Verizon Wireless).

Richard L. Horwitz, Esq., David E. Moore, Esq., POTTER ANDERSON & CORROON, LLP, Wilmington, DE.
Keith R. Hummel, Esq., Roger G. Brooks, Esq., Teena-Ann V. Sankoorikal, Esq., CRAVATH SWAINE & MOORE LLP, New York, NY.

   Attorneys for Defendant Qualcomm, Inc.

## MEMORANDUM OPINION

October 9, 2012
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

Pending before the Court is Defendant LG Electronics, Inc., LG Electronics USA., Inc., and LG Electronics MobileComm USA., Inc. (hereinafter "LGE"); and Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corp., and Kyocera Communications' (hereinafter "Kyocera") motion for partial judgment on the pleadings under Fed. R. Civ. P. 12(c). (D.I. 156) LGE and Kyocera seek to strike three claims from the Complaint filed by Plaintiff Exelis Inc. ("Exelis"): (1) the direct infringement claim recited in paragraph 30 of the Complaint; (2) the induced infringement claim recited in paragraph 32 of the Complaint; and (3) the contributory infringement claim recited in paragraph 33 of the Complaint.[1]

The Court heard oral argument on this motion, among others,[2] on September 28, 2012. *See* Motion Hr'g Tr., Sep. 28, 2012 (D.I. 561) (hereinafter "Tr."). For the reasons discussed below, the Court will deny LGE and Kyocera's Rule 12(c) motion.

## I. BACKGROUND

Plaintiff Exelis filed this patent infringement action on March 23, 2009, alleging infringement of U.S. Patent No. 5,365,450 (the "'450 patent"), entitled "Hybrid GPS/Data Line Unit for Rapid, Precise, and Robust Position Determination." (D.I. 1) The '450 patent has been litigated in this District before. *See ITT Manufacturing Enterprises, Inc. v. Sprint Corporation, et al.*, 1:03-cv-1086-GMS (the "Sprint Litigation"). ITT Manufacturing Enterprises (now

---

[1] LGE and Kyocera seek to strike Exelis' inducement and contributory infringement claims only to the extent those claims relate to devices used on the Sprint network. (D.I. 157 at 2 n.2)

[2] Numerous other motions pending before the Court are not addressed in this Memorandum Opinion.

1

Exelis[3]) and Sprint resolved the Sprint Litigation prior to trial, setting forth the terms of their resolution in a confidential settlement agreement (hereinafter "the Sprint Agreement"). The Sprint Agreement forms part of the basis for LGE and Kyocera's Rule 12(c) motion.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter pleadings are closed – but early enough not to delay trial." When evaluating a motion for judgment on the pleadings, the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the non-moving party. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). Under Rule 12(c), judgment will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.*; *see also Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). This is the same standard as a Rule 12(b)(6) motion to dismiss. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that any documents that are integral to pleadings may be considered in connection with a Rule 12(c) motion).

## III. DISCUSSION

---

[3]Exelis Inc. has been substituted for the original Plaintiff in this action, ITT Manufacturing Enterprises, Inc. (D.I. 552)

LGE and Kyocera seek partial judgment that: (1) their mobile devices do not directly infringe any claim of the '450 patent; and (2) mobile devices sold by LGE and Kyocera to Sprint do not directly or indirectly infringe any claim of the '450 patent. (D.I. 200 at 7; Tr. at 11)

### A. Exelis' Direct Infringement Claims Against LGE and Kyocera

The '450 patent includes both "system" and "method" type claims, and at least one of each type is asserted against LGE and Kyocera. Because the Federal Circuit treats "system" and "method" claims differently for purposes of direct infringement, these claims are addressed separately below.

#### 1. Exelis' System Claims

The parties agree that for "system" claims, the recent Federal Circuit decision in *Centillion Data Sys., LLC v. Qwest Communs. Int'l*, 631 F.3d 1279 (Fed. Cir. 2011), is controlling.[4] (D.I. 550 at 4) In *Centillion*, 631 F.3d at 1284, the Federal Circuit explained that "to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." Use, however, does not require physical control or possession of every component of the system. *Id.*

Exelis' Complaint includes an allegation that LGE and Kyocera "use" their mobile devices on various wireless networks in violation of the '450 patent. (D.I. 1 ¶ 30) Specifically, Exelis alleges that LGE and Kyocera test the accused location-based services on various wireless networks, including the Sprint network.[5] (D.I. 548 at 2) According to Exelis, these tests infringe

---

[4]LGE and Kyocera disagree with the holding in *Centillion* and seek to preserve their right to challenge this ruling on appeal. (Tr. at 13)

[5]LGE and Kyocera argue that use of their mobile devices on the Sprint network is authorized by the Sprint Agreement. This argument is addressed below.

3

the '450 patent. Under *Centilion*, such use is sufficient to support a claim of direct infringement under 35 U.S.C. § 271(a). For this reason, the Court will deny LGE and Kyocera's motion for judgment on the pleadings with respect to the asserted "system" claims of the '450 patent.

## 2. Exelis' Method Claims

In the context of a method claim, direct infringement requires that "the accused infringer must perform all the steps of the claimed method, either personally or through another acting under his direction or control." *See Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 2012 WL 3764695, at *2 (Fed. Cir. Aug. 31, 2012) (*en banc*). The "direction or control" requirement may be satisfied "when one party is contractually obligated to the other to perform the steps." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311, 1319 (Fed. Cir. 2010), *vacated en banc*, 2012 WL 3764695;[6] *see also Centillion*, 631 F.3d at 1287 ("[F]or infringement to be found when more than one party performs the steps of a method claim, an agency relationship or other contractual obligation to perform the steps must exist.").

LGE and Kyocera contend that the claimed method of the '450 patent cannot be performed by a single party. According to LGE and Kyocera, each such claim includes a "mobile device" portion and a "network" portion. (D.I. 200 at 2) When LGE and Kyocera use their mobile devices on a network, the "network" portion is performed by the network provider, and the network provider at all times maintains control over its own network. (D.I. 200 at 4) Because LGE and Kyocera have no "direction or control" over any network provider, in their

---

[6] The *en banc Akamai* decision did not alter the meaning of "direction or control" for purposes of direct infringement. *See* 2012 WL 3764695, at *3 ("[W]e have no occasion at this time to revisit any of those principles regarding the law of divided infringement as it applies to liability for direct infringement under 35 U.S.C. § 271(a).").

view a claim of direct infringement cannot stand. (D.I. 200 at 4)

Exelis disagrees. (D.I. 548 at 2) According to Exelis, a subscription is required before one can connect to, and receive benefits from, a network. That subscription is a contract between the network provider and the user, a contract that obligates the network provider to grant the subscriber access to certain features, including use of the network. (Tr. at 24) For purposes of direct infringement, Exelis contends that LGE and Kyocera infringe by testing their mobile devices on various networks. (D.I. 548 at 2) During these tests, the network provider is contractually obligated to LGE and Kyocera to perform the "network" portion of the claimed method. (Tr. at 24) According to Exelis, LGE and Kyocera's contract with each network provider is sufficient to satisfy the "direction or control" requirement. (D.I. 548 at 2; Tr. at 24)

The Court agrees with Exelis. Exelis has pled that LGE and Kyocera infringe by "using" their mobile devices "in an assisted AGPS mobile telecommunications network." (D.I. 1 ¶ 30) This pleading is sufficient to raise a reasonable expectation that discovery will "reveal evidence of [each] necessary element of . . . plaintiff's claim." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). While not every step of the claimed method is performed by LGE or Kyocera, any remaining steps are performed pursuant to a contractual agreement between LGE and the network or Kyocera and the network. Accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to Exelis, LGE and Kyocera cannot show that they are entitled to judgment as a matter of law. Thus, the Court will deny LGE and Kyocera's motion for judgment on the pleadings with respect to direct infringement of Exelis' asserted method claims.

**B.  Exelis' Infringement Claims Against LGE
and Kyocera Devices Used On The Sprint Network**

LGE and Kyocera also seek judgment on the pleadings with respect to Exelis' direct and indirect infringement claims to the extent those claims involve use of the Sprint network. The focus of LGE and Kyocera's contentions is a settlement agreement between Exelis and Sprint.

[redacted]

In view of the parties' arguments, there are two issues for the Court. First, the Court must

determine whether the doctrine of exhaustion applies. Second, if the doctrine of exhaustion does not apply, the Court must determine whether the Sprint Agreement precludes Exelis from asserting its patent rights against LGE and Kyocera.

### 1. Patent Exhaustion

The doctrine of patent exhaustion, also known as the first-sale doctrine, holds that an initial authorized and unconditional sale of a patented article terminates all patent rights to that article, thereby limiting a patentee's exclusionary power in the underlying patent. *See Quanta*, 553 U.S. at 625. The purpose of the patent exhaustion doctrine is to prevent the patent holder from extracting double recoveries from downstream purchasers for patent infringement. *See Cyrix Corp. v. Intel Corp.*, 846 F. Supp. 522, 539 (E.D. Tex. 1994).

The Court concludes that LGE and Kyocera are not entitled to judgment on the pleadings based on the doctrine of patent exhaustion. Patent exhaustion is "triggered only by a sale authorized by the patent holder." *Quanta*, 553 U.S. at 636. Viewing the pleadings in the light most favorable to Exelis, LGE and Kyocera are not entitled to judgment as a matter of law that their sales of mobile devices are authorized by Exelis. LGE and Kyocera have pointed to nothing in the Sprint Agreement, nor anything else the Court may consider as part of the present motion, establishing that Exelis authorized them to sell mobile devices either to Sprint or to Sprint's customers.[7]

---

 Even assuming LGE and Kyocera are making such an argument, the Court does not have a basis – on a motion for judgment on the pleadings – to rule on this issue at this time.

7

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████ And because infringement of every asserted claim can only occur when both the handset and the network are used in combination, ITT's rights regarding that use are exhausted." (D.I. 550 at 2-3) Again, the Court does not agree, because LGE and Kyocera have not identified any "authorized sale" of a mobile device ██████████ ██████████ that would trigger application of the patent exhaustion doctrine.

### 2. Interpreting the Sprint Agreement

The parties agree that the Court can examine the language of the Sprint Agreement for purposes of the Rule 12(c) motion. (Tr. at 17)

A license agreement is a contract governed by state law. *See Power Lift, Inc. v. Weatherform Nipple-Up Systems, Inc.*, 871 F.2d 1082, 1085 (Fed. Cir. 1989); *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992). The Sprint Agreement includes a choice of law provision expressly requiring application of Delaware law. (D.I. 184 Ex. 2 at 4) Therefore, the Court will apply Delaware law to interpret the Sprint Agreement. Under Delaware law, when interpreting a contract "the primary function of the Court is to ascertain the intention of the parties," which is derived from the language of the contract. *Haft v. Dart Group Corp.*, 1994 WL 828326, at *8 (D. Del. Aug. 17, 1994) (internal quotations omitted).

The most pertinent sections of the Sprint Agreement are reproduced below:



(D.I. 184 Ex. 2) (emphasis added)

Exelis argues that these sections, taken together, demonstrate that LGE and Kyocera are not entitled to judgment on the pleadings due to the Sprint Agreement. The Court agrees.



9

(emphasis added)  To now construe the Sprint Agreement in a way that terminates Exelis' otherwise existing rights against manufacturers and provides LGE and Kyocera with implied licenses would violate the intent, purpose, and plain language of the Sprint Agreement.[8]

Therefore, the Court will deny LGE and Kyocera's motion for judgment on the pleadings with respect to Exelis' direct and indirect infringement claims based on mobile devices used on the Sprint network.

## IV. CONCLUSION

After viewing the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to Exelis, the Court will deny LGE and Kyocera's motion for judgment on the pleadings. An Order consistent with this Memorandum Opinion will be entered.

---

[8]The Federal Circuit's decision in *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009), cited by LGE and Kyocera, is not applicable to the Court's consideration of the license issue (as opposed to exhaustion).

10