## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXELIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CELLCO PARTNERSHIP (d/b/a Verizon Wireless), LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG MOBILECOMM U.S.A., INC., KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA WIRELESS CORP., and KYOCERA COMMUNICATIONS, INC., and QUALCOMM INC., | ) C.A. No. 09-190-LPS ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF NON-PARTY DISCOVERY

**PLEASE TAKE NOTICE** that, pursuant to the October 9, 2012 Stipulation and Order (D.I. 565) and Federal Rule of Civil Procedure 45, Qualcomm Incorporated, by and through its undersigned counsel, hereby gives notice that it has served or will serve the attached Subpoena to Testify at Deposition in a Civil Action (Ex. 1) on Daniel Colker.

OF COUNSEL:

Keith R. Hummel
Roger G. Brooks
Teena-Ann V. Sankoorikal
Benjamin H. Diessel
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Ave.
New York, NY 10019-7475
Tel: (212) 474-1000

Dated: October 15, 2012
1079409 / 34172

POTTER ANDERSON & CORROON LLP

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*Qualcomm Incorporated*

# EXHIBIT 1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Exelis Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 09-190-LPS |
| Cellco Partnership (d/b/a Verizon Wireless), et al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | District of Delaware ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Daniel Colker
38652 Misty Meadow Drive, Yucaipa, CA 92399

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: DoubleTree by Hilton Hotel Ontario Airport Executive Boardroom 222 North Vineyard Avenue, Ontario, CA 91764 | Date and Time: 10/19/2012 9:30 am |
|---|---|

The deposition will be recorded by this method: __stenographic, video and audio recording__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __10/15/2012__

*CLERK OF COURT*

OR _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Qualcomm Incorporated__
_____, who issues or requests this subpoena, are:
Benjamin H. Diessel, Cravath Swaine & Moore LLP, 825 8th Avenue, New York, NY 10019,
bdiessel@cravath.com, (212) 474-1000

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 09-190-LPS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                        *Server's signature*

                        _____
                        *Printed name and title*

                        _____
                        *Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information;
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on October 15, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 15, 2012, the attached document was Electronically Mailed to the following person(s):

Gregory Brian Williams
FOX ROTHSCHILD LLP
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
gwilliams@foxrothschild.com
*Attorneys for Plaintiff*
*ITT Manufacturing Enterprises, Inc.*

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY LLP
4300 Wilson Boulevard, Suite 700
Arlington, VA 22203
jberquist@dbjg.com
sdavidson@dbjg.com
djackson@dbjg.com
*Attorneys for Plaintiff*
*ITT Manufacturing Enterprises, Inc.*

John G. Day
Tiffany Geyer Lydon
Caroline Hong
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

Edward C. Donovan
Christopher R. Nalevanko
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005
edward.donovan@kirkland.com
christopher.nalevanko@kirkland.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

Gregory F. Corbett
WOLF GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
gcorbett@wolfgreenfield.com
*Attorneys for Defendant*
*Cellco Partnership (d/b/a Verizon Wireless)*

Jeffery K. Sherwood
Frank C. Cimino, Jr.
DeAnna D. Allen
Robert L. Kinder
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
ITT-Kyocera-LG@dicksteinshapiro.com
*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics USA, Inc., LG Mobilecomm*
*U.S.A., Inc., Kyocera Corporation, Kyocera*
*International, Inc., Kyocera Wireless Corp.,*
*and Kyocera Sanyo Telecom, Inc.*

Larry R. Schmadeka
LEE, HONG, DEGERMAN, KANG
& WAIMEY, P.C.
660 South Figueroa Street. Suite 2300
Los Angeles, CA 90017
lschmadeka@lhlaw.com
*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics USA, Inc., and LG Mobilecomm*
*U.S.A., Inc.*

Paul E. Crawford
CONNOLLY, BOVE, LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
pcrawford@cblh.com
*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics USA, Inc., LG Mobilecomm*
*U.S.A., Inc., Kyocera Corporation, Kyocera*
*International, Inc., Kyocera Wireless Corp.,*
*and Kyocera Sanyo Telecom, Inc.*

Katie J.L. Scott
DICKSTEIN SHAPIRO LLP
700 Hansen Way
Palo Alto, CA 94304-1016
ITT-Kyocera-LG@dicksteinshapiro.com
*Attorneys for Defendants*
*LG Electronics, Inc., LG Electronics USA,*
*Inc., LG Mobilecomm U.S.A., Inc., Kyocera*
*Corporation, Kyocera International, Inc.,*
*Kyocera Wireless Corp., and Kyocera Sanyo*
*Telecom, Inc.*

By: */s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

910256 / 34172

2